JOHN VISHNEY, PETITIONER, PROSECUTOR, v. THE EMPIRE STEEL AND IRON COMPANY, DEFENDANT.

Argued February 16, 1915—Decided August 7, 1915.

1. Temporary, as distinguished from permanent disability, under the Workmen's Compensation act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit.
2. Where the petitioner suffered a permanent injury, equal to the loss of four-fifths of the usefulness of each eye, compensation should have been awarded on the basis of eighty per cent. of the loss of both eyes, under clause *b* of paragraph 11 of the statute (*Pamph. L.* 1913, *p.* 302), and not on the basis of eighty per cent. of the loss of each eye under clause *c*.

On *certiorari* to the Warren Court of Common Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *George M. Shipman.*

For the defendant, *King & Vogt.*

The opinion of the court was delivered by

KALISCH, J.    The prosecutor, the petitioner below, was blinded by a powder blast, depriving him of four-fifths of the use of both eyes, while in the employ of the defendant. The accident occurred on the 15th day of December, 1913. The trial judge found that the prosecutor was then earning $1.82 a day, and made seven days in a week, and, according to the proof introduced by the defendant, made one hundred and eighty-one days out of a possible one hundred and ninety-seven, from June 1st to December 15th, 1913, averaging $11.76 a week. That he had worked for the defendant for twelve years, and was, some time before and at the time of the injury, drawing ore from the ore kilns. There were two hearings and two separate adjudications. At the first hearing, the defendant conceded that the injury was due to an accident arising out of and in the course of the prosecutor's employment.

The matters chiefly controverted were the permanency of the injury and the period of time for which compensation should be fixed. The testimony of the medical witnesses was to the effect that the prosecutor was suffering from conjunctivitis, which disease of the eyes, in their opinion, if the prosecutor would yield to treatment therefor in a hospital, was curable in three months.

Upon this testimony the trial judge found that the prosecutor was suffering from a temporary disability, which would require three months within which to effect a cure, and accordingly allowed the prosecutor, under section 11 (a) of the Workmen's Compensation act, fifty per cent. of $11.76, his stated weekly earnings, which made $5.88 a week, for seventeen weeks, from December 29th, 1913 (two weeks from the date of the prosecutor's injury), to April 27th, 1914, which amounted to $99.96, and which was adjudged to be paid in a lump sum, and the further sum of $5.88 per week for thirteen weeks, from April 27th, 1914, to July 27th, 1914, payable each week, with leave to the prosecutor to apply to the court at the termination of the three months for further relief in the event no cure had been effected.

No cure having been accomplished at the expiration of the three months, the prosecutor filed a petition for further relief, and it was at this hearing that the trial judge found that the injury to each of the prosecutor's eyes was partial in character, but permanent in quality, amounting to the loss of four-fifths of the permanent usefulness of each eye, and thereupon made an order that the prosecutor receive compensation for a period of eighty weeks for each eye at $5.80 per week, to run consecutively from July 27th, 1914, thus allowing compensation for the loss of eighty per cent. of the usefulness of both eyes for one hundred and sixty weeks.

The prosecutor claims that it was erroneous for the court to rule that temporary disability had ceased on July 27th, 1914. There were facts warranting such a finding.

Temporary, as distinguished from permanent disability, under the Workmen's Compensation act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit. An apt illustration is a case where there has been a loss of both arms. The temporary disability to be considered in such an instance is the physical state of the patient until the stumps are healed and he is able to get about; the actual disability to do effective work is the same in either case and continues for life. *Birmingham* v. *Lehigh and Wilkes-Barre Coal Co.*, decided at the present term of court.

In the present case, it was not ascertained until the second hearing whether or not the prosecutor's injuries would be of a permanent character.

The trial judge proceeded on the theory that because, under clause *c*, paragraph 11 of the statute of 1913, page 303, the compensation for the loss of an eye is fixed at fifty per cent. of the weekly earnings for one hundred weeks—compensation for the loss of or injury to each eye should be considered separately under that clause—and having found that each eye had lost four-fifths of its usefulness, he calculated the number of weeks for which compensation should be made on the basis of an eighty per cent. loss of each eye, which would make eighty weeks for each eye, or a total of one hundred and sixty weeks for both.

The trial judge evidently overlooked that provision of the statute on page 304 which, among other things, provides that the loss of both eyes shall constitute a permanent disability and that compensation shall be made therefor according to clause *b*.

Reverting to clause *b*, on pages 303 and 304, we find that the compensation for the loss of both eyes shall not exceed four hundred weeks. It appearing that there was a loss of usefulness of both eyes to the extent of eighty per cent., the prosecutor was entitled to compensation for three hundred and twenty weeks.

For this reason the judgment will be reversed and the record remanded, to be proceeded with according to law.