CLAYTON PAVING CO. *v.* MARY DAVIS APPLETON.

(*Nashville*, December Term, 1930.)

Opinion filed July 1, 1931.

HUME & ARMISTEAD, for plaintiff in error.

JEFF McCARN and CARMACK COCHRAN, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Grover Cleveland Appleton was killed in an accident arising out of and in the course of his employment. A settlement was made with his dependents, the widow and children, and judgment rendered thereon by the circuit court awarding compensation under section 30, subsection 16, of chapter 123, Acts of 1919, ''at the rate of $15 a week, payable at the end of each four-week period, subject to the limitation of the Compensation Act.''

Section 30, subsection 16, of the Compensation Act, as amended by chapter 84, Acts of 1923, and chapter 40, Acts of 1927, provides for 'compensation to dependents in case of the employee's accidental death, of not more than $16 a week for not exceeding 400 weeks. Section 28-d of the Act as amended provides for compensation to the injured employee in cases of permanent total disability of not more than $16 a week for the first 400 weeks, reduced to $5 a week for the next 150 weeks, with total payments limited to $5,000.

The defendants paid the monthly installments provided for until they reached $4995, and tendered $5, making a total of $5,000, and said this was the limit of liability. Mrs. Appleton, for herself and children, claiming that section 30, subsection 16, of the Act extended the weekly benefits throughout 400 weeks without diminution, filed the petition to enforce payment of the additional installments.

The trial judge held that section 30, subsection 16, of the Compensation Act, providing for compensation to dependents in case of the employee's death by accident, extended the weekly payments throughout 400 weeks and that the weekly compensation under that subsection was not controlled by the limitation imposed by section 28-d,

which regulates compensation to injured employees in cases of permanent total disability.

Section 28-d, after providing that compensation for permanent total disability shall not be more than $16 a week (see chapter 84, Acts of 1923, chapter 40, Acts of 1927) for the first 400 weeks and not more than $5 for the next 150 weeks, concludes with the declaration that "the total amount of compensation payable under this subsection shall not exceed $5,000 in any case."

Subsection 16 of section 30, after providing that compensation to dependents in case of employee's death shall be subject to a maximum of $16 a week (see chapter 84, Acts of 1923, chapter 40, Acts of 1927), concludes with the statement "this compensation shall be paid during dependency not exceeding 400 weeks."

In the case of *McKinney* v. *Aston,* 154 Tenn., 326, the insured employee, seeking compensation for permanent total disability, insisted that the effect of the amendatory Act of 1923 increasing the weekly benefits was to increase in the same ratio the $5,000 to which compensation was limited by section 28-d. But the court said:

"The original and amendatory Acts cannot be considered as separate statutes, but must be construed as a unity, and as if the subject-matter added by the latter Act was originally incorporated. The effect of the amending Act is as if chapter 123, Acts of 1919, originally allowed the increased weekly compensation provided in the amendment."

The inequality between the allowance to the dependents in case of the employee's death and the allowance to the employee for the injury resulting in permanent total disability, suggested by defendants in support of their construction of the Act, resulted from the amend-

ments referred to. In section 1 of the amendatory Act of 1923, the legislature increased the weekly allowances with the declaration that "excepting as specifically modified by this Act, the remaining provisions of chapter 123 of the Acts of 1919 shall remain in full force and effect."

The legislature could have coordinated these subsections so that the aggregate of $5,000 allowable under section 28-d would control the compensation fixed by section 30, subsection 16. But nothing in the words or context of the original or the amendatory Acts indicates such an intention.

We are of the opinion that the trial judge correctly construed the statute and his judgment is **affirmed.**