## CHARLES H. JACKSON v. BETHLEHEM-FAIRFIELD SHIPYARD, INC., ET AL.

[No. 37, October Term, 1945.]

*Decided November 30, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Charles W. Main* for appellant.

*Robert E. Coughlan, Jr.,* for appellees.

MARKELL, J., delivered the opinion of the Court.

This workmen's compensation appeal was submitted to the Court, without a jury, on an agreed statement of facts. The claimant was injured on July 8, 1942. The State Industrial Accident Commission on August 5, 1942, awarded him, for "temporary total disability" under Section 48 (2) of Article 101, "compensation at the rate of $20 a week," beginning as of July 12, 1942. As a result of a number of hearings, the Commission on May 22, 1944 passed an order to the effect that the payments of compensation so awarded ceased as of January 11,

1944. By the same order the Commission awarded, for "permanent total disability" under Section 48 (1), compensation at the same weekly rate, "not to exceed $6,000," the maximum total allowable, beginning as of January 12, 1944.

It was agreed that the only "issue" submitted is a question of law. The question is, whether (in 1942) *(i)*, the maximum total ($6,000) allowable for "permanent total disability" under Section 48 (1), [*a*] included or [*b*] was "in addition to and consecutive with," *(ii)* any compensation previously paid for "temporary total disability" under Section 48 (2).

The lower Court held that the former is the correct construction of the statute. We understand that the unbroken practice of the Commission until 1944 was in accord with the decision below in this case.

In *Gorman v. Atlantic Gulf & Pacific Co.*, 1940, 178 Md. 71, 12 A. 2d 525, the Commission awarded the claimant compensation *(a)* for "temporary total disability" under Section 48 (2), at $20 a week for 170 weeks, i.e., $3,400, *(b)* for "permanent partial disability" under Section 48 (3), for loss of a foot, $18 a week for "the period named in the schedule," 150 weeks, i.e., $2,700, and *(c)* for "permanent partial disability" under Section 48 (3), "Other Cases," $18 a week for 55⅔ weeks but not to exceed $1,000. Thus the total compensation awarded was $7,100. At the time of the accident (1936) the maximum total allowable for "permanent total disability" under Section 48 (1) was $5,000. Code Supp. 1935, Art. 101, Sec. 36 (1). The employer contended, and the lower Court held, that the total compensation allowable for temporary total disability and permanent partial disability could not exceed $5,000, "the limit of compensation which could be awarded for a permanent total disability," *viz.*, that after payment of $3,400 for temporary total disability, payments at $18 per week should continue until the total sum paid (including the $3,400) should equal $5,000, whereupon all payments should

cease. 178 Md. 73-74, 12 A. 2d 525. This Court reversed the lower Court and affirmed the Commission.

In the Gorman case the employer's contention was based on the assumption that the maximum total ($5,000) allowable for permanent total disability included (and was not in addition to) any compensation for temporary total disability. In this Court's opinion this premise was not questioned or approved, but was likewise assumed. The question presented in the instant case, therefore, was not directly presented or decided.

Nevertheless, in rejecting the employee's contention this Court used reasoning and language broad enough to demolish the employer's premise as well as his conclusion. "Whatever force inheres in the position that an award for a permanent total disability should not be exceeded by the aggregate awards allowable for the lesser result of a temporary total disability followed by a permanent partial disability, the Court may not allow an inference to prevail against the manifest intention of the Legislature. *A temporary total disability and a permanent total disability,* a temporary partial disability and a permanent partial disability *are* four *different compensable results;* and the measure of the compensation to be appropriately awarded in these instances as they may occur is not for the Court to create nor to change. The Court must declare the legislative intention as expressed by the statute to the exclusion of the suggested interpolations." (Italics supplied.) 178 Md. 74-75, 12 A. 2d 527. We think this reasoning is properly applicable, and should be applied to the question now presented. By thus adhering to the words of the statute, without any interpolations, the injustice and incongruity of maximum total compensation, for a claimant permanently totally disabled, smaller than if he were not permanently totally disabled, is avoided.

In the Gorman case this Court's conclusion was supported by reference to the provision in Section 48 (3), "The compensation for the foregoing specific injuries

shall be paid in addition to, and consecutively with, the compensation hereinbefore provided in Sub-section 2 of this Section." But the conclusion supported by the quoted provision was broader than the application of that provision, and was more broadly applied, viz., to the $1,000 allowed under the "Other Cases" paragraph.

The quoted provision does not reflect any special reason why the compensation for "specific injuries" under Sub-section 3 (rather than the compensation for other injuries under Sub-section 3 or Sub-section 1) should be in addition to the compensation under Sub-section 2. It merely represents a reversal in 1920 of the provision in the original Workmen's Compensation Act (Acts of 1914, Ch. 800) that the compensation for "specific injuries" should be "in lieu of all other compensation." *Gorman v. Atlantic Gulf & Pacific Company, supra,* 178 Md. 77, 78, 12 A. 2d 528. The evident reason for the original provision was that the compensation for "specific injuries", measured by prescribed numbers of weeks, was intended to be in lieu of compensation measured by actual loss of time at work. Cf. Matter of Marhoffer v. Marhoffer, 1917, 220 N. Y. 543, 116 N. E. 379. The reasonable implication is that compensation for other injuries under Sub-section 3 or Sub-section 1 is not in lieu of compensation under Sub-section 2.

In the Gorman case this Court said "that this period of temporary total disability is the healing period or the time during which the workman is wholly disabled and unable by reason of his injury to work. It is, therefore, a separate and unitary period of compensation, and as such is distinguished from a permanent partial disability". 178 Md. 78, 12 A. 2d 529. This "healing period" is distinguished from a permanent disability, partial or total. "Temporary, as distinguished from permanent, disability, under the Workmen's Compensation Act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit. An apt illustration is a case where there has been

a loss of both arms. The temporary disability to be considered in such an instance is the physical state of the patient until the stumps are healed and he is able to get about. The actual disability to do effective work is the same in either case and continues for life." *Vishney v. Empire Steel & Iron Co.,* 1915, 87 N. J. L. 481, 483, 95 A. 143, 144; cf. *Mt. Olive Coal Co. v. Industrial Commission,* 1920, 295 Ill. 429, 431-432, 129 N. E. 103; *Stromberg Motor Device Co. v. Industrial Commission,* 305 Ill. 619, 137 N. E. 462; *Western Cartridge Co. v. Industrial Commission,* 357 Ill. 29, 32, 191 N. E. 213. "The period of temporary total incapacity should not include any part of the period wherein the incapacity has become permanent." *Chicago Circular Advertising Service, Inc. v. Industrial Commission,* 1928, 332 Ill. 156, 162, 163 N. E. 408, 410; cf. *Birmingham v. Lehigh & Wilkes-Barre Coal Co.,* N. J. 1915, 95 A. 242, 243.

The agreed statement of facts presents no question as to the duration of temporary total disability. The only question submitted is whether, as a matter of law, the Commission acted within its powers in making an award for permanent total disability in addition to (i.e., without crediting) any award for temporary total disability. In Illinois it is held that the length of the period of temporary total incapacity can only be determined when that period ends. *Mt. Olive Coal Co. v. Industrial Commission, supra,* 295 Ill. 432, 129 N. E. 103; *Tazewell Coal Co. v. Industrial Commission,* 1924, 312 Ill. 145, 151, 143 N. E. 406. This we understand to be the practice of the Maryland Commission.

*Order reversed, with costs, and case remanded for affirmance of order of State Industrial Accident Commission.*