[Civ. No. 13899.   First Dist., Div. Two.   Feb. 11, 1949.]

INDUSTRIAL INDEMNITY EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LUIGI RICCARDI, Respondents.

Leonard, Hanna & Brophy for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

DOOLING, J. — Respondent herein, Luigi Riccardi, on December 3, 1945, received an injury compensable under the Workmen's Compensation Act, when a bandsaw with which he was working broke and a small piece of steel lodged in the wall of his heart between the right and left ventricles. It is impossible to remove this metal as the chances of Riccardi surviving such an operation would be only about 5 or 10 per cent. As a result there is a leakage of blood from one ventricle to the other and this puts such an extra burden on the heart that "the patient is unable to do much more than get around at the present time on the level."

Riccardi was observed by Dr. Moore from shortly after his injury until about June 24, 1946. On that date Dr. Moore reported to the employer's insurance carrier:

"There is no change in this man's condition, no change in his complaints.

"I see no value in his reporting to this office for further observation and he has been referred to your Claims Office."

Riccardi was then sent to Dr. Rochex. As early as January 22, 1947, Dr. Rochex reported "that Mr. Riccardi's condition is probably permanent. It is not likely that he will be able to return to active employment."

Finally on June 30, 1947, Dr. Rochex concluded a report to the insurer with the words: "there seems to be no possibility that Mr. Riccardi will ever be able to return to work."

Riccardi was then referred to Dr. Thompson, who stated in a report dated September 22, 1947:

"It is our opinion that Mr. Riccardi is totally disabled and that his condition will become steadily worse. I do not believe his heart lesion is amenable to surgical repair. However his general condition would probably be improved by a regimen including digitalis and restricted activity."

Thereafter on March 15, 1948, the insurer filed a petition with the Industrial Accident Commission asking that body to determine that the employee was suffering a permanent disability. A hearing was had at which the reports of the doc-

tors were introduced and Dr. Thompson testified orally that Riccardi is incapable of performing any work and that there is no prospect that his condition will improve as "progress in these things is usually in the opposite direction."

The commission made an award for temporary total disability. The insurer by this proceeding attacks the award claiming that the commission should have found a permanent total disability. The question is important because under the Labor Code the weekly compensation for temporary total disability (§§ 4460, 4653) is higher than for permanent total disability (§§ 4453, 4658, 4659) and under section 4661 as amended in 1945 (Stats. 1945, p. 2506) the employer is only entitled to credit for payments made for temporary disability up to 25 per cent of the liability imposed for permanent disability.

In other jurisdictions temporary total disability has been described as the healing time, and continues until an injured workman is as far restored as the permanent character of the injuries will permit. (*Mt. Olive Coal Co.* v. *Industrial Commission,* 295 Ill. 429 [129 N.E. 103, 104]; *Western Steel Erecting Co.* v. *Lukenbill,* 143 Okla. 92 [287 P. 724, 725]; *Reynolds* v. *Passaic Valley Sewerage Commissioners,* 130 N.J.L. 437 [33 A.2d 595, 598-9]; *Jackson* v. *Bethlehem-Fairfield Shipyard,* 185 Md. 335 [44 A.2d 811, 812-3]; *Dosen* v. *East Butte Copper Mining Co.,* 78 Mont. 579 [254 P. 880, 887]; *Western Cartridge Co.* v. *Industrial Commission,* 357 Ill. 29 [191 N.E. 213, 214]; *Vishney* v. *Empire Steel & Iron Co.,* 87 N.J.L. 481 [95 A. 143, 144].) In the last cited case the court particularizes by way of example:

"An apt illustration is a case where there has been a loss of both arms. The temporary disability to be considered in such an instance is the physical state of the patient until the stumps are healed and he is able to get about. The actual disability to do effective work is the same in either case and continues for life."

The disability here is caused by the perforation of the wall of the heart which permits part of the blood to flow from one ventricle to the other. It is now as far restored as the permanent character of the injury will permit. The total disability resulting from this injury must therefore be considered permanent and not temporary.

Respondents point to some reports made by Dr. Moore in 1946 in which he expressed hope of improvement in Riccardi's condition and to some similar reports of Dr. Rochex when he

first saw the patient. These lend no weight to the finding in April of 1948 that Riccardi's disability was at that time still temporary. As directed to any period after Dr. Thompson's report of September 22, 1947, there is no evidence contradicting Dr. Thompson's opinion that the employee's disability had then become permanent. Dr. Rochex's report of June 30, 1947, is corroborative of Dr. Thompson's conclusion and it is entirely immaterial whether the employee's disability was, or was believed to be, temporary at any earlier date. Any disability must have been temporary during the healing period but that cannot prevent its later becoming permanent.

Respondents also argue that because Riccardi may become progressively worse and because digitalis and restricted activity may improve his general condition his physical condition is not stable and is therefore temporary. This confuses physical condition with disability. His disability is now permanent though his physical condition may be subject to change for the worse or to slight periodic improvement. ██ The need for medical treatment is not incompatible with a status of permanent disability and may be allowed in connection with an award for permanent total disability where necessary. (*Postal Tel. Cable Co.* v. *Industrial Acc. Com.*, 213 Cal. 544, 553 [3 P.2d 6].) The finding that the respondent Riccardi is presently suffering a temporary total disability and the award based thereon find no support in the evidence.

The award is annulled and the case remanded for further proceedings not inconsistent with this opinion.

Nourse, P. J., and Goodell, J., concurred.