D. Everett Willoughby

*v.*

Warstler & Egly Bakery, Inc. and

Liberty Mutual Insurance Company.

(*Nashville,* December Term, 1956.)

Opinion filed February 8, 1957.

278

Quentin L. Housholder and M. Perry Nochlin, Nashville, for plaintiff in error.

Thomas O. H. Smith, Nashville, for defendants in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Willoughby's injury admittedly falls within the provisions of the Workmen's Compensation Act. It resulted in a 67½% permanent partial disability of his leg, whereby he is entitled to be compensated for 67½% of 175 weeks, to wit, 118.125 weeks. His wages were such as to entitle him to the maximum benefits of $28 per week. In addition to the temporary total disability benefits for

which he was paid, and with reference to which there is no dispute, he was likewise paid $28 per week for 32¾ weeks for temporary partial disability. The only question here is whether the Trial Court erred in holding that the 118.125 weeks shall be credited with the 32¾ weeks for which he was compensated by reason of temporary partial disability.

The question seems to be of first impression here. It is controlled by Code Section 50-1007 (a), (b) and (c). Sub-section (a) deals with "temporary total disability". Sub-section (b) deals with "temporary partial disability". Sub-section (c) deals with "permanent partial disability". In so far as pertinent here, this section provides:

"(2) in addition to the foregoing he shall receive sixty per cent (60%) of his average weekly wages in accordance with the schedule hereinafter set out, *provided, that the compensation paid the injured employee for the period of temporary total disability shall not be deducted from the compensation to be paid under said schedule.*" (Emphasis added.)

It was Section 3 of Chapter 277 of the Public Acts of 1949 which provided for the first time that compensation received for *"temporary total disability* shall not be deducted from the compensation to be paid under said schedule". (Emphasis added). Until the enactment of that section temporary disability payments were deducted from the compensation to be paid under the list of scheduled injuries.

It is insisted in behalf of the employee that exclusion of temporary total disability payments, per se, excludes temporary partial disability payments. This insistence

is based on the statement that the whole includes all of its parts; hence, that the Legislature did not intend to exclude the "whole," but to include a "part". This insistence is sought to be strengthened by reference to Code Section 50-918 provided that the Workmen's Compensation Statute "shall be given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained."

Perhaps the reason for crediting, before the enactment of the 1949 Act, compensation for scheduled injuries with payments made for temporary disabilities was based on the holding of this Court that compensation for scheduled injuries is not predicated on the injured employee's incapacity to work, but is fixed as to such scheduled injuries at specific amounts "because of impairment of physical efficiency that may in the future affect the employee's earning capacity". *Huggins v. B. C. Jarrell & Co.,* 169 Tenn. 77, 79, 80, 82 S.W.2d 870, 871, 84 S.W.2d 100. More specifically, the value of a leg is fixed at so much per week for 175 weeks. If the injured employee has been paid that much per week for, say, 25 weeks because of temporary disabilities he has been paid that much of the loss which he sustained; hence, the total value of 175 weeks should be credited with the part thereof already paid, to-wit,—25 weeks.

What the Legislature actually did by the enactment of the 1949 Act carried in the Code at 50-1007(c) was to increase the value fixed for the loss of a scheduled member of the body by the amount paid for temporary total disability.

By providing for payments during the period of temporary total disability, the Legislature was guarding to

some extent against an economic difficulty which might arise to the employee and his family during the period in which he is unable to earn any wages because of temporary total disability. Of course, that situation would not exist to the same extent in cases where the injured employee has a partial temporary disability. This is because he is able to earn wages in some amount during such period; hence, considering this purpose of the statute, the argument that the whole includes all of its parts is not applicable.

This Section 3(a), (b) and (c) of Chapter 277 of the 1949 Act, Code 50-1007, emphasizes on its face the fact that the Courts in giving the Workmen's Compensation Statute an equitable construction must, at the same time, be careful not to enter the field of legislation. Sub-section (a) deals with ''temporary total disability''; sub-section (b), with ''temporary partial disability''; and sub-section (c), with ''permanent partial disability''. It is in sub-section (c) that the Legislature provides against the deduction of payment for temporary total disabilities from the amount fixed as the value of a member of the body. Having just dealt with temporary partial disability, as well as temporary total disability, it is necessary to conclude that if the Legislature had intended to provide against deduction of payments for temporary partial disabilities it would have so stated, as it did with reference to temporary total disability. To attribute an opposite intention to the Legislature would, we think, do violence to the statute and amount to judicial legislation.

We conclude as did the Trial Court, that from the amount payable for a permanent partial loss or loss of

the use of a scheduled member of the body there shall be deducted payments made for temporary partial disability. We think it proper, however, that costs of this appeal be paid by the employer and its insurance carrier.

Judgment affirmed with costs assessed as above directed.