Charles R. Redmond

*v.*

McMinn County et al.

354 S. W. 2d 435.

(*Knoxville,* September Term, 1961.)

Opinion filed February 8, 1961.

Rehearing Denied March 7, 1962.

464

Frank N. Bratton; Athens, for petitioner.

Joe C. Washington, Athens, for defendants.

Mr. Justice Felts delivered the opinion of the Court.

This is a workmen's compensation case in which the only question is as to the amount of compensation to which the employee is entitled.

On November 18, 1953, in his work he suffered an accidental injury to the brain wholly disabling him to work. His employer's insurer began paying him $26.72 per week (60% of his weekly wage—the amount then provided by our statute (T.C.A. sec. 50-1007(a)) for "temporary total disability"), and had him hospitalized and treated by its doctors. It continued such treatment for more than a year (with periodic examinations of him by its doctors up to April 1958) and paid him these weekly payments for 300 weeks (Nov. 19, 1953 to Aug. 10, 1959), or a total of $8,016.00, when it stopped further payments.

On May 10, 1960, the employee brought this suit, alleging that from and after his injury his disability was to be deemed "temporary" during the period of its treatment and until after it proved to be "permanent," and that he was entitled to compensation for "temporary total disability" (Sec. 50-1007 (a)) during that period and thereafter to compensation for "permanent total disability" (T.C.A. sec. 50-1007 (d)) up to the maximum of $8,500.00, for which he sued.

Defendants in their answer averred that the employee's disability had been permanent and total since the day of the accident, and that the $8,016.00 they had paid him had been paid for "permanent total disability," with the idea he would be paid the maximum of $8,500.00 under sec. 50-1007 (d); and they admitted owing him this difference, or $484.00. They alleged his condition was as shown in a letter written by Dr. Fred Brown, Jr., to

counsel Octboer 20, 1960, as follows (omitting its formal parts):

"This young man suffered a critical brain injury on November 18, 1953 and as you know he was operated on and treated by me here at the East Tennessee Baptist Hospital in Knoxville. He was certainly totally permanently disabled from the minute of the injury; however, I am never willing to make a statement of total permanent disability in brain injuries until approximately one year has passed. The reason for this, I believe is obvious in that some patients make a greater degree of recovery than expected and recovery can continue in brain injuries for as long as a year, and sometimes a year and half.

"In this case, going over the records, I find that he did not show any noticeable improvement after November 1954. At that time he had shown improvement over his previous condition but continued to be totally permanently disabled. The next examination on May 4, 1955 did not show any appreciable improvement.

"He has been seen several times since then and no appreciable improvement has occurred to justify any change in the opinion that he is totally permanently disabled."

The case was heard on bill and answer; and upon these undisputed basic facts, the Chancellor concluded that as the injury the employee received on the day of the accident resulted in his permanent total disability, he could not claim he suffered temporary total disability from the same injury. The learned Chancellor stated the reason for his conclusion thus:

"The undisputed fact is that complainant on the date aforesaid [Nov. 18, 1953], sustained an injury resulting in permanent, total disability. This being true, it necessarily follows that complainant never qualified for the benefits contemplated by TCA 50-1007, Sub-Sec. A, temporary total disability. As the whole is equal to the sum total of the parts, it follows that one who on the date of his injury sustains permanent total disability, cannot at any time be heard to claim that he suffered from the same injury temporary total disability."

He accordingly entered a decree denying so much of petitioner's claim as was for compensation for "temporary total disability," but awarding him a recovery of $484.00, the balance admitted by defendants to be due for "permanent total disability." From that decree he appealed to this Court.

■ Our Workmen's Compensation statute (T.C.A. sec. 50-1007(a), (b), (c), (d)), like the statutes of a number of other states, classifies compensable disabilities into these four distinct classes: "(a) temporary total diability," "(b) temporary partial disability," "(c) permanent partial disability," and "(d) permanent total disability." See, Kelly, The Demarkation of Disabilities Under Tennessee Law, 20 Tenn.L. Rev. 333-360.

Each of these four kinds of disability is separate and distinct and is separately compensated for by different methods provided by the several sub-sections of sec. 50-1007; and each of such provisions is independent and unrelated. *Wilkinson v. Johnson City Shale Brick Corp.*, 156 Tenn. 373, 382, 299 S.W. 1056, 2 S.W.2d 89; *Clayton Paving Co. v. Appleton,* 163 Tenn. 27, 39 S.W.2d 1037;

*Liberty Mut. Ins. Co. v. Maxwell,* 164 Tenn. 1, 46 S.W.2d 67; *Griffith v. Goforth,* 184 Tenn. 56, 66, 195 S.W.2d 33.

■ It should be noted there is a difference between the legal, and the medical, concepts of disability under workmen's compensation statutes; the one means inability to work or earn wages; and the other, inability in a physical or clinical sense (2 Larson's Workmen's Compensation Law (1952 ed.), secs. 57, 57.10); and the distinctions between these four different kinds of disability depends upon a construction of such statutes.

■ Under statutes like ours, "temporary total disability" refers to the injured employee's condition while disabled to work by his injury and until he recovers as far as the nature of his injury permits; and it is separate and distant from many of the other four kinds of disability. *Jackson v. Bethlehem-Fairfield Shipyard, Inc.,* 185 Md. 335, 44 A.2d 811; *Vishney v. Empire Steel and Iron Co.,* 87 N.J.L. 481, 95 A. 143.

" 'Temporary disability is a condition that exists until an injured workman is as far restored as the permanent character of the injuries will permit, and the length of the period of the temporary disability can only be determined when that period ends.' " Citing cases. 11 Schneider, Workmen's Compensation, sec 2308, pp. 435, 436.

Again:

"The period of temporary total disability is the hearing period or the time during which the workman is wholly disabled and unable by reason of his injury to work. It is, therefore, *a separate and unitary period of compensation,* and as such *is distinguished*

*from a permanent partial* disability" (citing cases) (italics ours). Schneider, pp. 433, 434.

"Temporary, as distinguished from permanent disability, under the Workmen's Compensation Act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit" (*Vishney v. Empire Steel and Iron Co.,* supra 87 N.J.L. 483, 95 A. 143). *Jackson v. Bethlehem-Fairfield Shipyard,* supra, 185 Md. 339, 44 A.2d 811, 58 Am. Jur., Workmen's Comp., sec. 283, p. 779.

■ Under our statute, compensations may be allowed an employee both for "(a) temporary total disability" and "(c) permanent partial disability" as a result of the same injury; and one is not to be deducted from or credited on the other. T.C.A. sec. 50-1007(a), (c). *Bituminous Gas Corp. v. Smith,* 200 Tenn. 13, 288 S.W.2d 913. See *Willoughby v. Warstler & Egly Bakery, Inc.,* 201 Tenn. 277, 298 S.W.2d 727 (see Ch. 172, Acts 1959).

■ And it seems equally clear that, under the separate provisions of our statute (sec. 50-1007(a), (d)), compensations may likewise be allowed for "(a) temporary total disability" and "(d) permanent total disability" as a result of the same injury.

It is true we have not before been called on to decide this question; but it has been decided in other jurisdictions; and though there is some conflict of authority, courts in states with statutes more or less similar to ours hold the view above expressed. *Petersen v. Foundation Co.,* 128 N.J.L. 234, 25 A.2d 1; *Reynolds v. Passaic Valley Sewerage Com'rs,* 130 N.J.L. 437, 33 A. 2d 595; *Jackson v. Bethlehem-Fairfield Shipyard, Inc.,* supra, 185 Md.

335, 338-340, 44 A.2d 811; *Paterno's Case,* 266 Mass. 323, 165 N.E. 391; *Derme v. Bison Casting Co.,* 272 App. Div. 614, 75 N.Y.S.2d 13.

In *Petersen v. Foundation Co.,* supra, the employee was allowed compensations for both temporary total disability and permanent total disability—"disability 'total in character and permanent in quality' "—resulting from the same injury. Answering the objection that such an award could not stand in logic or reason, the Court said:

"First: It is conceded that the first contention can only be sustained upon the asserted theory that there can be no right—in logic or reason—to our holding that compensation may be awarded for temporary and permanent disability as the result of the same accident. There is no merit to this belated contention. Whatever the holding may be in other states, in our state, under our act, the right both to temporary, N.J.S.A. 34:15-12(a), and permanent disability, N.J.S.A. 34:15-12(b), as the result of a single accident, is a right too firmly established to justify question or debate."

In *Reynolds v. Passaic Valley Sewerage Com'rs,* supra, 130 N.J.L. 437, 33 A.2d 595 (1943), the employer insisted that the employee could not be allowed compensation for both temporary and permanent disability from the same accident, because his condition had been *"one of 100% permanent disability * * * since the time of the accident"* (italics ours). Denying this contention, the Court said:

"Prosecutor [employer] complains of the allowance of compensation for both temporary and permanent disability, claiming that, since the employee's

condition proved to be one of 100% permanent disability and had been such since the time of the accident, there should have been the statutory award for permanent disability and no allowance for temporary. Mr. Justice Perskie, in dealing with a like contention in *Petersen v. Foundation Co.*, N.J.L. 234, 25 A.2d 1, said: ''There is no merit to this belated contention. Whatever the holding may be in other states, in our state, under our act, the right both to temporary, N.J.S.A. 34:15-12(a), and permanent disability, N.J.S.A. 34:15-12 (b), as the result of a single accident, is a right too firmly established to justify question or debate.' ''

Again:

''In *Vishney v. Empire Steel and Iron Co.*, 87 N.J.L. 481, 483, 95 A. 143, 144, it was said: 'Temporary, as distinguished from permanent disability, under the Workmen's Compensation Act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit.'

''It would seem that in all cases of accidental injury resulting in complete inability to work, the total disability existing is *deemed to be temporary until* after a course of treatment and observation *it is discovered to be permanent,* and that fact is duly established. The fact that the permanent disability turns out to be complete does not distinguish the case from one where the temporary complete disability is followed by a condition of permanent disability to a degree less than 100%.'' (Italics ours).

As stated, the above cited decisions of the courts of New Jersey, Maryland and New York were upon statutes

more or less similar to ours; and we think they are persuasive authority for the construction to be given our statute in determining an employee's right to compensations for both temporary total disability under sub-section (a) and permanent total disability under sub-section (d).

■ Under such construction, we think, on the undisputed facts of this case, the employee's initial disability, though total, was to be deemed temporary until after a course of treatment and observation it was found to be permanent. As we have seen, Dr. Brown's letter shows that the employee after his injury was operated on, treated, and continued to show improvement for a period of a year, or until he reached his maximum recovery (Nov. 1954) and was as far restored as the permanent character of his injury permitted.

It is true Dr. Brown's letter stated: "He was certainly totally permanently disabled from the minute of his injury." But he qualified this by saying that he was not able or willing to make a statement of permanent disability in such a case until approximately a year had passed; that he continued to treat the employee; and that, though totally disabled, he showed improvement for at least a year.

It must be borne in mind that Dr. Brown wrote this letter seven years after the event, and in the light of the result of the course of treatment; and we think it is clear he was attempting to express not a legal, but a medical, judgment or opinion; for his letter plainly shows that, in the eye of the law, the employee's condition was uncertain and his disability temporary from the date of his injury for a period of at least a year during the course of treatment and observation.

With reference to the learned Chancellor, we think his judgment was based on a misconstruction of our statute and a misappreciation of the distinction between temporary total disability and permanent total disability, as contemplated by our statute.

Our conclusion is that the employee's disability must be held to be "temporary" during the period of his treatment until it proved to be "permanent"; and that under sub-section (a) sec. 50-1007, as it then stood, he was entitled to compensation for his temporary total disability, during the one-year period thereof, at the rate of $26.72 per week (60% of his average weekly wage), or a total of $1,389.44; and that under sub-section (d) he was entitled to the maximum of $8,500.00 for his permanent total disability; and that he was entitled to both of these sums though they together exceed the maximum allowable under sub-section (d). *Liberty Mut. Ins. Co. v. Maxwell,* supra, 164 Tenn. 6, 46 S.W.2d 67; *Bituminous Cas. Corp. v. Smith,* supra.

The Chancellor's decree will be modified so as to enter a decree here for the $484.00, balance due on the maximum compensation for permanent total disability, plus an award of $1,389.44 for the employee's temporary total disability, or a total of $1,873.44; and, as thus modified, the Chancellor's decree will be affirmed. The costs of the cause are adjudged against defendants, the employer and its insurer.

### On Petition to Rehear

Appellees reiterate their claim that they are entitled to have the compensation to appellant for "(a) temporary total disability" credited on the compensation to him for

"(d) permanent total disability''; that is, that he is not entitled to both, as held in our opinion.

The petition to rehear points out nothing new, no matter of fact or law overlooked, but is merely a re-argument of matters fully argued, and decided by the Court. The petition to rehear is denied at the cost of appellees-petitioners.