D. L. SIMPSON and Hartsville Livestock Market, Appellants,

v.

Charlie SATTERFIELD, Appellee.

Supreme Court of Tennessee.

April 24, 1978.

James A. Donoho, Donoho & Taylor, Hartsville, for appellants.

R. K. Witcher, Jr., Lafayette, for appellee.

## OPINION

FONES, Justice.

Defendant Simpson, doing business as Hartsville Livestock Market, appeals from a workmen's compensation award of eighty-three weeks temporary total disability, and $5,000 medical benefits.

The only assignment of error is as follows:

"It was error to allow recovery for temporary total disability and medical expenses because there was no expert medical testimony to show medical causation between the injury and the loss."

On Saturday, August 8, 1970, plaintiff, Charles Satterfield, was employed to work at the Hartsville Livestock Market. One of his duties was "separating cattle and driving them in and out." Plaintiff testified that there were four black Angus cattle in the stall next to the scale gate, when three white Charolais cattle belonging to another owner were driven into that stall by the use of a "hot stick" which agitated the white cattle; that in trying to separate and drive the four Angus onto the scale to be weighed, one of the Charolais kicked him in the stomach with both hind feet. Plaintiff was rendered unconscious and promptly taken to the hospital in an ambulance. On Sunday, August 9, 1970, an operation was performed on his stomach.

No medical testimony was presented by plaintiff or defendant. Plaintiff testified that he spent three weeks in the hospital at Hartsville followed by four weeks in the hospital at Nashville; that while he could not describe the nature of the operation on his stomach, an infection developed and that at one time they had seven tubes in him "to draw poison out"; that after release from the hospital he was seen by the doctor for more than a year, at first twice a week, then once a week, and finally every month; that he was not able to return to work until June, 1972.

Plaintiff's wife testified about his hospitalization and that plaintiff was not able to work when he did return to another job. Before she could supply any further details, the trial judge interrupted her testimony with these comments:

THE COURT: I don't think there's really any contest really to the fact that he didn't go back to work for eighteen (18) months to two (2) years.

.    .    .    .    .

THE COURT: . . . I rather assume that he was rather accurate about the hospitalization and about when he went back to work, and I don't think that's any contest. That's not any issue at

all. I don't know how he got back to work that quick from the operations and things the fellow had. So you needn't to recover [sic] all that again because I think there's no contest. They don't agree to it. They don't admit it, but they don't deny it. I mean they don't know anything about that, they say.

Defendant did not contradict or attempt to qualify the statement of the trial judge and Mrs. Satterfield's testimony was terminated. The issues litigated in the trial court, but not in issue here, were (1) whether the stockyard employed five or more persons and (2) whether H. H. Mitchell was a partner in its operation.

The trial judge found that plaintiff had incurred medical expenses totaling $9,336.71 as a result of the injury suffered on August 8, 1970, while in the course and scope of employment by defendant.

Defendant relies upon a number of cases wherein this Court has said that expert medical testimony to establish medical causation and permanency of an injury was required, in all but the most obvious situations. Defendant cites *Employers Ins. Co. v. Heath*, 536 S.W.2d 341 (Tenn.1976); *Washington County Brd. of Educ. v. Hartley*, 517 S.W.2d 749 (Tenn.1974); *Tom Still Transfer Co. v. Way*, 482 S.W.2d 775 (Tenn. 1972); see also *American Enka Corp. v. Sutton*, 216 Tenn. 228, 391 S.W.2d 643 (1965); *Magnavox Co. v. Shepherd*, 214 Tenn. 321, 379 S.W.2d 791 (1964). But the issue under consideration in those cases was the proof necessary to establish a permanent disability, either partial or total. There is no claim made in this case for permanent disability, partial or total.

*Redmond v. McMinn County*, 209 Tenn. 463, 354 S.W.2d 435 (1962), contains an extensive analysis of temporary total disability. After noting that our statutes classify compensable disabilities into four distinct classes, temporary total disability, temporary partial disability, permanent partial disability and permanent total disability, the Court said:

"Each of these four kinds of disability is separate and distinct and is separately compensated for by different methods provided by the several sub-sections of § 50–1007; and each of such provisions is independent and unrelated. *Wilkinson v. Johnson City Shale Brick Corp.*, 156 Tenn. 373, 382, 299 S.W. 1056, 2 S.W.2d 89; *Clayton Paving Co. v. Appleton*, 163 Tenn. 27, 39 S.W.2d 1037; *Liberty Mut. Ins. Co. v. Maxwell*, 164 Tenn. 1, 46 S.W.2d 67; *Griffith v. Goforth*, 184 Tenn. 56, 66, 195 S.W.2d 33.

.  .  .  .  .

"Under statutes like ours, 'temporary total disability' refers to the injured employee's condition while disabled to work by his injury and until he recovers as far as the nature of his injury permits; and it is separate and distinct from any of the other four kinds of disability. *Jackson v. Bethlehem-Fairfield Shipyard, Inc.*, 185 Md. 335, 44 A.2d 811; *Vishney v. Empire Steel and Iron Co.*, 87 N.J.L. 481, 95 A. 143." 354 S.W.2d at 437.

■ Where the injury suffered by the employee results in a permanent disability, the period of temporary total disability is "cut off" when the employee has reached his maximum recovery. E. g. *Gluck Brothers, Inc. v. Coffey*, 222 Tenn. 6, 431 S.W.2d 756 (1968).

■ It is clear, therefore, that to make out a prima facie case of entitlement to temporary total disability, an employee must prove that he was (1) totally disabled to work by a compensable injury; (2) that there was a causal connection between the injury and his inability to work; and (3) the duration of that period of disability. Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery.

In *McKenzie v. Campbell and Dann Manufacturing Co.*, 209 Tenn. 475, 354 S.W.2d 440 (1962), a workmen's compensation case, the Court said:

"The rule in this State is that a lay witness may testify to his own physical condition or that of another person provided that the witness first states the detailed facts and then gives his opinion or conclusion. *Norton v. Moore,* 40 Tenn. 480; *Stephens v. Clayton,* 22 Tenn.App. 449, 124 S.W.2d 33; *Hamlin & Allman Iron Works v. Jones,* 200 Tenn. 242, 292 S.W.2d 27." 354 S.W.2d at 442.

In *Magnavox Co. v. Shepherd, supra,* Mr. Justice White writing for the Court said:

"While it is true that lay testimony, including that of the claimant, is of probative value in establishing such simple matters as the existence of pain, its location, *petitioner's inability to work,* etc., there are areas in which lay testimony is obviously incompetent. See *Fidelity and Casualty Co. of New York v. Treadwell,* 367 S.W.2d 470, 474 (Tenn.1963). (Emphasis added.) 379 S.W.2d at 792.

■ It is clear that the testimony of an employee, and other lay witnesses who first establish a proper factual foundation, may be admitted on the issue of the employee's inability to work and may be sufficient to establish that fact without expert medical testimony.

■ Where the nature of the injury and the result produced thereby as testified to by lay witnesses is such that it is evident to the lay mind based upon the common knowledge and experience of mankind that a causal connection exists between the injury and employee's inability to work, no expert medical testimony is required. On the other hand, where the nature of the injury and the resulting circumstances do not in and of themselves supply the element of causal connection when tested by the common knowledge and experience of mankind, expert medical testimony is necessary.

■ Causal connection is clearly supplied by the facts of this case. Plaintiff, who denied any prior stomach trouble was kicked in the stomach by both hind feet of a bovine animal large enough for slaughter,

rendered unconscious and promptly hospitalized and an operation performed on the stomach area approximately twenty-four hours later, with recovery therefrom hampered by extensive infection. These facts, prima facie establish a causal connection between the injury and plaintiff's temporary incapacity to work. No evidence to the contrary was adduced by defendant nor was the duration of the period of disability as testified by plaintiff and his wife disputed.

The trial judge terminated the period of temporary total disability approximately two months before the time plaintiff and his wife testified he was able to return to work and since there is material evidence to support a longer period we are bound by the finding of the trial judge.

Affirmed. Costs adjudged against defendant.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.