677 A.2d 81

**Roland H. BOWEN**

v.

**A.H. SMITH.**

**No. 61 Sept. Term, 1995.**

Court of Appeals of Maryland.

June 4, 1996.

**450**

Timothy F. Talbot (Joel L. Katz, P.A., on brief), Annapolis, for appellant.

Beth A. Gasiorowski (Thomas J. Michels, on brief), Towson, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

This is a workers' compensation case. The issue presented in this appeal is whether the employer improperly terminated claimant's temporary total disability benefits while he was incarcerated in a penal institution in this state. We shall reverse the summary judgment of the circuit court entered in favor of the employer and hold that under the Workers' Compensation Act, an employer may not terminate or suspend temporary total disability benefits based solely on the incarceration of the worker.

## I.

On December 4, 1989, Roland H. Bowen, the claimant, sustained a compensable accidental injury to his back arising out of and in the course of his employment with A.H. Smith, the employer. He filed a claim with the Workers' Compensation Commission (hereinafter the "Commission") and, following a finding by the Commission that he qualified for temporary total disability benefits (hereinafter "TTD" benefits), he

received compensation from December 13, 1989, through July 11, 1991.

■ Claimant was incarcerated in the Maryland Department of Corrections from July 23, 1991, through December 9, 1991.[1] The employer terminated payment of claimant's TTD benefits from July 12, 1991 through January 14, 1992. The claimant filed issues and requested a hearing on the issue of the employer's decision to terminate the TTD payments and requested the Commission to determine whether he was entitled to receive TTD benefits while he was incarcerated. Maryland Code (1957, 1985 Repl.Vol., 1990 Cum.Supp.) Art. 101, § 36(2)(ii)(3)(A).[2]

The Commission held a hearing and, on February 22, 1993, denied claimant's demand for benefits while he was incarcerated but reinstated his TTD benefits from December 10, 1991, through January 12, 1992. Claimant appealed to the Circuit Court for Calvert County, alleging that the Commission erred in finding that he was not temporarily totally disabled from July 12, 1991, through December 9, 1991. The trial court granted the employer's motion for summary judgment. In affirming the Commission's decision, the court stated:

Claimant's inability to secure gainful employment during the five months in question stemmed not from his injury, but from his imprisonment. In effect, Claimant's incarceration constituted a superseding cause of his inability to work.

---

1. Pursuant to Maryland Rule 8–413(b), the parties presented a statement of the case in lieu of pleadings and evidence. The statement does not reveal the reason for claimant's incarceration.

2. The Workers' Compensation Act was recodified in 1991 as Maryland Code (1991 Repl.Vol.) Title 9 of the Labor and Employment Article. Because the claimant's accident occurred in 1989, his rights are governed by Maryland Code (1957, 1985 Repl.Vol., 1990 Cum.Supp.) Art. 101, the statute in effect at the time of his injury. *Fikar v. Montgomery County,* 333 Md. 430, 432 n. 1, 635 A.2d 977, 978 n. 1 (1994); *Mutual, Etc. Company v. Pinckney,* 205 Md. 107, 113, 106 A.2d 488, 491 (1954). We note, however, that the relevant provisions of Art. 101 were not substantively changed by the recodification. All further references will be to the 1990 edition of Art. 101.

**454**

Claimant appealed to the Court of Special Appeals. We granted a writ of certiorari on our own motion prior to consideration by that court.

II.

Summary judgment may be granted on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law. Maryland Rule 2–501(e); *Dobbins v. Washington Suburban,* 338 Md. 341, 344–45, 658 A.2d 675, 676–77 (1995). We shall review the order granting summary judgment to determine whether the trial court was legally correct. *A.J. Decoster Co. v. Westinghouse Elec. Corp.,* 333 Md. 245, 261, 634 A.2d 1330, 1338 (1994).

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Shah v. Howard County,* 337 Md. 248, 254, 653 A.2d 425, 427 (1995); *Soper v. Montgomery County,* 294 Md. 331, 335, 449 A.2d 1158 (1982). The primary source from which to determine the intent of the legislature is the language of the statute itself. *Lovellette v. Mayor and City Council of Baltimore,* 297 Md. 271, 282, 465 A.2d 1141, 1147 (1983). We have repeatedly noted that the Maryland Workers' Compensation Act (hereinafter the "Act") should be construed as liberally in favor of injured workers as its provisions will permit in order to effectuate its broad remedial purpose. *Para v. Richards Group,* 339 Md. 241, 251, 661 A.2d 737, 742 (1995). Any uncertainty in the law should be resolved in favor of the claimant. *Mayor and City Council of Baltimore v. Cassidy,* 338 Md. 88, 97, 656 A.2d 757, 761–62 (1995). Moreover, as we said in *Victor v. Proctor & Gamble,* 318 Md. 624, 628–29, 569 A.2d 697, 700 (1990), "in any proceeding for the enforcement of a claim for compensation under the Act, there is, in the absence of substantial evidence to the contrary, a presumption by legislative command that the claim comes within the provisions of the Act." We look, therefore, to the language of the statute to determine whether the legislature intended to allow

employers to suspend TTD payments based on post-accident incarceration.

## III.

The Act provides disability benefits to workers who suffer either an occupational disease or an accidental personal injury that arises out of and in the course of employment. Art. 101, §§ 15, 22; *see State v. Richardson*, 233 Md. 534, 541, 197 A.2d 428, 431 (1964) (right to compensation established by statute). This case requires us to determine whether, under the Act, an employer may suspend payment of TTD benefits to a claimant solely because the claimant becomes incarcerated.

■ The general purpose of the Act is to provide compensation to injured workers and their families for the worker's loss of earning capacity resulting from a work-related injury. *Victor*, 318 Md. at 628, 569 A.2d at 699. There are four categories of benefits under the Act: medical benefits, disability benefits, death benefits, and vocational rehabilitation benefits. Art. 101, §§ 36, 37. We are concerned in this case only with disability benefits.

■ Disability benefits are paid to an injured worker to compensate for the injured worker's loss of earning capacity, not to compensate merely for the worker's injury. *Belcher v. T. Rowe Price*, 329 Md. 709, 737, 621 A.2d 872, 886 (1993) ("More than merely indemnifying workers for injuries sustained on the job, the system embodied in the Act provides compensation when earning power is lost as a result of work-related disabilities."). Thus, disability benefits compensate for the worker's inability to secure or retain employment resulting from the worker's work-related injury.[3]

---

**3.** Disability benefits are not paid in lieu of lost wages, even though the measure of the amount of disability benefits the injured worker receives takes into account the worker's average weekly wage for the period preceding the accident. *Victor v. Proctor & Gamble*, 318 Md. 624, 632, 569 A.2d 697, 701 (1990); *Miller v. Western Electric Co.*, 310 Md. 173, 187–88, 528 A.2d 486, 493–94 (1987) ("'[O]ne who claims compensation

**456**

There are four types of disability benefits that an eligible injured worker can receive: temporary total disability, permanent total disability, temporary partial disability, and permanent partial disability. Art. 101, § 36; *Jackson v. Beth.-Fair. Shipyard,* 185 Md. 335, 338, 44 A.2d 811, 812 (1945). We are concerned in this case with temporary total disability benefits.

An injured worker who becomes temporarily totally disabled because of an accidental injury arising out of and in the course of his employment is entitled to receive TTD benefits. Art. 101, § 15, § 36(2). The period of temporary total disability "is the healing period, or the time during which the workman is wholly disabled and unable by reason of his injury to work." *Gorman v. Atlantic Gulf & Pac. Co.,* 178 Md. 71, 78, 12 A.2d 525, 529 (1940). Temporary disability exists "until the injured workman is as far restored as the permanent character of the injuries will permit." *Jackson,* 185 Md. at 339, 44 A.2d at 812. "Total" disability means that a worker is only "able to perform services so limited in quality, dependability, or quantity, that a reasonably stable market for them does not exist." *Cassidy,* 338 Md. at 98, 656 A.2d at 762.

Article 101 does not address the issue of whether temporary total disability benefits may be suspended or terminated when a claimant is incarcerated. We find nothing in the provisions of the statute to indicate that the legislature intended to permit an employer to suspend or terminate TTD benefits awarded to an injured worker for a pre-incarceration injury while an injured worker is incarcerated.[4]

---

for permanent partial disability ... need not show actual wage loss as a prerequisite to recovery.").

4. The Act specifically provides for only one circumstance whereby TTD benefits may be suspended—that is, where the claimant unreasonably refuses to submit to or obstructs reasonable medical examination of his or her injuries. Article 101, § 42 provides:

Any employee entitled to receive compensation under this article is required, if requested by the Commission to submit himself for medical examination at a time and from time to time at a place reasonably convenient for the employee and as may be provided by

A plain reading of the language of the Act does not justify the exclusion of claimant's right to compensation based on his incarceration.[5] *See State Indus. Ins. Sys. v. Campbell,* 109 Nev. 997, 862 P.2d 1184, 1186 (1993) (reasoning that "[t]he general rule of liberal construction of the workers' compensation statutes does not justify the *inclusion* or *exclusion* 'of a substantive right that cannot be supported by any fair reading of the statutory scheme' "). The Act does not provide for the suspension of disability benefits while a claimant is incarcerated, and we will not create such an exclusion.

The employer argues that claimant's incarceration terminates the obligation to pay compensation. The employer relies upon *Victor* as authority to suspend benefits in this case. In *Victor,* the issue before the Court was whether a claimant who voluntarily retired was entitled to temporary total disability benefits after he had retired. We concluded that "[d]uring the healing period, and until he reached maximum improvement, he was deemed under the Act to be unable to work, even if he desired to do so, because he was totally disabled. His earning capacity during that period was nil." 318 Md. at 633, 569 A.2d at 702. The Court held that "[i]t was not his retirement that impeded his earning capacity, but the total disability resulting from his accidental injury." *Id.* The Court found, therefore, that Victor was entitled to the com-

the rules of the Commission. If the employee refuses to submit to any such examination, or obstructs the same, his right to compensation shall be suspended until such examination has taken place, and no compensation shall be payable during or for account of such period.

There is no evidence or suggestion that claimant obstructed or refused to submit to any medical examination. Therefore, this section does not justify suspension of his right to compensation.

**5.** Where the General Assembly wanted to limit the applicability of the Act to injuries sustained by prisoners, it has done so. *See* Art. 101, § 35. Under this section, prisoners who suffer injuries arising out of and in the course of qualifying prison employment are not entitled to receive temporary disability benefits and are prohibited from receiving permanent disability benefits to which they may be entitled until after their release from prison. Art. 101, § 35(b).

pensation. The employer in this case, both distinguishing and relying on *Victor*, argues that the claimant here was unable to re-enter the work force because of his incarceration and not by reason of his injury. The employer argues that the claimant herein, unlike the claimant in *Victor*, could not re-enter the work force at any time, and in fact, could not re-enter the work force until December 9, 1991, his release date from incarceration.

We find, however, that like voluntary retirement, incarceration does not cause a claimant's injury nor cause the claimant to become disabled. The award of compensation, based on a finding of total disability, is not affected by claimant's subsequent incarceration. Claimant's incarceration could hardly increase his already total disability. When a claimant is temporarily totally disabled and has been awarded benefits, the determinative question should not be whether the claimant, while in jail, could or could not have worked. The claimant is entitled to continue receiving benefits so long as the disability and the loss of wage earning capacity on which the award was bottomed still continues. The relevant factual question should be whether the disability continues to impair wage earning capacity. If the claimant is no longer disabled, the claimant is, of course, no longer entitled to benefits.

The majority of jurisdictions that have considered this issue have reached the same conclusion. *See United Riggers Erectors v. Industrial Comm'n of Ariz.*, 131 Ariz. 258, 640 P.2d 189, 191 (Ariz.Ct.App.1981); *Crawford v. Midwest Steel Co.*, 517 So.2d 918, 923–924 (La.Ct.App.1987); *DeMars v. Roadway Express, Inc.*, 99 Mich.App. 842, 298 N.W.2d 645, 646–47 (Ct.App.1980); *State Indus. Ins. Sys. v. Campbell*, 109 Nev. 997, 862 P.2d 1184, 1186 (1993); *Forshee & Langley Logging v. Peckham*, 100 Or.App. 717, 788 P.2d 487, 488 (Ct.App.1990); *Last v. MSI Constr. Co.*, 305 S.C. 349, 409 S.E.2d 334, 336–37 (S.C.1991); *King v. Industrial Comm'n of Utah*, 850 P.2d 1281, 1295 (Utah.Ct.App.1993); *In re Spera*, 713 P.2d 1155, 1158 (Wyo.1986); *see also* Annot., *Workers*

*Comp for Prisoner,* 54 A.L.R.4th 241 (1987).[6]

■ As we previously discussed, the right to disability benefits is established by the Act. It is, therefore, the province of the General Assembly to restrict the right of incarcerated individuals to receive temporary total disability benefits. *Cf. Enterprise v. Allstate,* 341 Md. 541, 552, 671 A.2d 509, 515 (1996); *Frye v. Frye,* 305 Md. 542, 567, 505 A.2d 826, 839 (1986). This view that any policy change should be made by the legislature and not the court was expressed by the Nevada Supreme Court in *In re Spera,* 713 P.2d at 1158:

---

**6.** Many states have responded by changing their workers' compensation statutes to restrict prisoners' rights to receive disability benefits. *See, e.g.,* FLA. STAT. ANN. § 440.15(9) (West 1996); MICH. COMP. LAWS ANN. § 418.361 (West 1996); OR. REV. STAT. § 656.160 (1995).

The statutes restricting the right of incarcerated individuals to receive disability benefits reflect policy determinations, and the states' approaches have not been uniform. For example, in Florida, the statute provides that no compensation shall be paid an inmate of a public institution unless that individual "has dependent upon him for support a person or persons defined as dependents elsewhere in this chapter, whose dependency shall be determined as if the employee were deceased and to whom compensation would be paid in case of death; and such compensation as is due such employee shall be paid such dependents during the time he remains such inmate." FLA. STAT. ANN. § 440.15(9) (West 1996). In Arkansas, the statute provides that the spouse, and if no spouse, the inmate's minor dependent children, may petition the Commission for receipt of the inmate's workers' compensation disability benefits for the period of the worker's incarceration. If the inmate has no surviving spouse or minor dependent children, the State Department of Corrections may petition for receipt of the benefits as reimbursement for the cost of incarcerating the inmate. ARK.CODE ANN. § 11-9-812 (Michie 1996). In Oklahoma, the statute provides that workers' compensation benefits shall be placed into an inmate account, from which the State Board of Corrections may charge up to 50% of any deposits to cover costs of incarceration. OKLA STAT. ANN. tit. 57, § 549(B) (West 1996). In Michigan, the statute provides that an employer is not liable for compensation during the period of time that the claimant "is unable to obtain or perform work because of imprisonment or commission of a crime." MICH. COMP. LAWS ANN. § 418.361 (West 1996). In Oregon, the statute provides that an incarcerated worker is ineligible to receive disability compensation during the period the worker is incarcerated for the commission of a crime. OR. REV. STAT. § 656.160 (1995). We believe that this policy determination, if the Maryland Act is to be changed, is best left to the Legislature. *Cf. Harrison v. Mont. Co. Bd. of Educ.,* 295 Md. 442, 462–63, 456 A.2d 894, 904–05 (1983).

Because there is no statutory exception which eliminates benefits when a worker is jailed, the benefits are due the worker even if his needs are fulfilled from another governmental source. The state legislature can change our statute to suspend payments during periods of incarceration, much like a private insurer might place conditions on his coverage. But in the absence of legislation, we decline the State's invitation to make that policy shift ourselves. In *Matter of Johner*, Wyo., 643 P.2d 932, 934 (1982), we explicitly stated that "worker's compensation is a statutory responsibility and any change or addition to the law is a function of the legislature and not the courts." (footnote omitted).

Finally, the employer argues that even if TTD benefits cannot be suspended based solely on a claimant's incarceration, the benefits may be suspended because he unreasonably interfered with medical treatment of his disability. This argument is meritless. There is no evidence that claimant refused to undergo reasonable medical treatment while he was incarcerated. *Cf. Watts v. J.S. Young Company*, 245 Md. 277, 280, 225 A.2d 865, 867 (1967).

Accordingly, we hold that an employer may not suspend payment of TTD benefits based solely on a claimant's incarceration.

*JUDGMENT OF THE CIRCUIT COURT FOR CALVERT COUNTY REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE SUMMARY JUDGMENT AND TO REMAND TO THE WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.*