543 A.2d 875

**L.R. WILLSON & SONS, et al.**

v.

**Honore W. GARRETT.**

**No. 1568, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

July 12, 1988.

M. Bernardine Myles and J. Kent Leonnig, Asst. Attys. Gen., Towson (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Thomas J. Michels, Asst. Atty. Gen., Towson, on the brief), for appellants.

Eric W. Borda (Howard M. Rensin P.A. on the brief), Hyattsville, for appellee.

Argued before BISHOP, GARRITY and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

At issue in this appeal from the judgment of the Circuit Court for Anne Arundel County is the jurisdiction of the

Maryland Workers'[1] Compensation Commission to decide an employee's claim for workers' compensation for injuries sustained while he was working in Virginia. Their motions for summary judgment and for judgment or summary judgment on the question of the Commission's jurisdiction having been denied and judgment having been granted in favor of Honore W. Garrett, appellee, appellants L.R. Willson & Sons (Willson) and its workers' compensation insurance carrier, State Accident Fund (SAF), appeal, presenting two issues:

1. Did the trial court err as a matter of law when it found it had jurisdiction?

2. Whether the trial court improperly denied appellants' motion for summary judgment?

The facts giving rise to the issues on this appeal are not in dispute. Appellee, a Maryland resident, was employed by Willson, a Maryland corporation engaged in the construction business at various sites in Maryland, Washington, D.C. and Virginia. He was hired by Willson in Maryland at its main office, at which time he was supplied with necessary tools to be used in his work. His assigned worksite, however, was at the Mark Center Plaza in Arlington, Virginia.

While employed at the worksite in Virginia, appellee sustained a compensable injury within the meaning of the Maryland Workers' Compensation Act, Maryland Code Ann., art. 101. As a result of those injuries, appellee never returned to work for Willson. Throughout his term of employment with Willson, appellee never worked in Maryland; he worked only in Virginia.

Appellee filed a claim with the Maryland Workers' Compensation Commission for temporary total benefits for the accidental injury sustained while working in Virginia. The

---

1. Maryland Code Ann., art. 101, § 14A(a), provides that "all terminology referring to 'workmen's', or like terms, shall be revised as 'workers'', or like terms."

only issue presented to the Commission for resolution was whether the Commission had jurisdiction to hear the claim. Appellants' contended that the Commission lacked jurisdiction because appellee worked exclusively in Virginia, where the accident occurred. Rejecting that argument, the Commission found that it had jurisdiction to hear the claim.

Appellants appealed to the Circuit Court for Anne Arundel County, praying a jury trial. Prior to trial, they filed a motion for summary judgment, premised on the same ground as presented to the Commission, as to the jurisdiction issue. The trial judge denied the motion and the matter was tried to the jury. At the end of their case and, again, at the close of all the evidence, appellants moved for judgment and/or summary judgment, contending that, since the evidence showed that appellee worked exclusively outside of Maryland, they were entitled to judgment as a matter of law. On both occasions, the court denied the motions. On the other hand, ruling that "I am satisfied looking at all the evidence that this jury could not rightfully determine that the Commissioner had wrongfully decided this case on the issue of jurisdiction", the court granted appellee's motion for judgment made at the end of all the evidence.[2]

The two questions presented by appellants are both sides of the same coin. Both involve the interpretation of Maryland Code Ann., art. 101, § 21(c)(4), a matter perceived by appellants, and we agree, to be a question of law. The interrelationship between the questions necessarily means that a decision adverse to appellants on the first question will also resolve the second question adverse to them, and vice versa.

Section 21(c)(4) provides, in pertinent part:

---

[2]. Appellants candidly acknowledged, at oral argument, that they make no contentions on appeal concerning the court's ruling on appellee's motion for judgment. Consequently, it is clear that the focus of this appeal is solely upon the propriety of the court's ruling on appellants' motion for judgment and/or summary judgment on the jurisdiction issue.

(c) *Exemptions.*—The following employees are exempt from the coverage of this act:

* * * * * *

(4) Casual employees or any employees who are employed wholly without the State, except that for all purposes of this article, casual, occasional or incidental employments outside of this State by the Maryland employer of an employee or employees regularly employed by said employer within this State shall be construed to be employment within this State....

As we have indicated, we agree that the interpretation to be given this statute is a question of law and, therefore, is properly reserved to the trial judge. *See Gray v. Anne Arundel County,* 73 Md.App. 301, 309, 533 A.2d 1325 (1987), citing *Comptroller v. Mandel Re-election Committee,* 280 Md. 575, 578, 374 A.2d 1130 (1977); *Montgomery County v. Fulks,* 65 Md.App. 227, 232–36, 500 A.2d 302 (1985).

Appellants can prevail on this appeal only if the statute is interpreted narrowly—as focusing only upon where the employee actually worked. This is precisely appellants' position:

Indeed, the only operative fact here is that Appellee worked entirely in the State of Virginia.... This is all the work that he ever did.... The fact that he was promised work in the future in Maryland at other construction sites was insufficient to show he worked in Maryland, when he clearly did not. That testimony was merely speculative as to future employment because the Employer, a construction firm, could have laid off employees, including Appellee, or shut down. Additionally, other contingencies such as the Appellee's health or any other inability to work may have prevented him from ever working in Maryland. Indeed, the Appellee admitted that because of the accident he never worked anywhere except in Virginia.... Therefore, that testimony was not evidence and did not show that the Appellee was ever employed in Maryland. Instead, it merely showed that

the Appellee may have been employed in Maryland in the future. (Citations and Appendix references omitted)

If, on the other hand, the statute is interpreted more broadly,—as focusing upon the intent of the employer at the time that the employee was employed—the court's denial of appellants' motion for judgment and/or summary judgment was proper. Fortunately, we have guidance on the proper interpretation of the statute.

The interpretation of the predecessor of § 21(c)(4), § 67(3),[3] was before the Court of Appeals in *Gatton v. Sline Company, Inc.*, 199 Md. 578, 87 A.2d 524 (1952). Sline was a Maryland employer, with offices in Baltimore City, which worked jobs in other states, in that case, West Virginia and Virginia. The deceased applied for a job with Sline at its Baltimore office, but was turned down because the union had no openings. He was directed to the employer's job site in West Virginia and, once there, was instructed that he had to join the union in West Virginia before he could do work on the West Virginia job. The deceased did so and was hired. He worked on the West Virginia job. Although his paychecks were drawn in Baltimore City and sent to him at the job site, he was paid according to the West Virginia union wage scale. There was also evidence in the case that Sline did not furnish the deceased with transportation to West Virginia and that the decision to hire him was made by the job foreman in West Virginia. 199 Md. at 580–81, 87 A.2d 524.

---

**3.** That section, as pertinent to this issue, provided:

But for all purposes of this Article, casual, occasional or incidental employments outside of this State by the Maryland employer of an employee or employees regularly employed by said employer within this State shall be construed to be employment within this State; *provided, however, if an employee or the dependents of an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Article.*

Maryland Code Ann. Art. 101, § 67(3) (1939, 1947 Cum.Supp.). As is evident, the pertinent part of that section is virtually identical to present § 21(c)(4).

The Court of Appeals held that the deceased was hired to work entirely and wholly outside the State of Maryland; therefore, his wife could not claim benefits under the Maryland's Workers' Compensation Act. Although the Court concluded from the facts that the deceased was employed in Virginia or West Virginia, rather than in Maryland, *see* 199 Md. at 583, 87 A.2d 524, it found the interpretation of the statute, rather than that one fact, to be dispositive. It explained:

> ... [W]e do not think the question of where he was actually engaged to do work affects his widow's rights under our statute. The Legislature has seen fit to exempt from the operation of our act those who are "employed wholly without the State". That cannot mean those who enter into their contract of employment outside of the State, because otherwise the word "wholly" would have no meaning whatever. It must mean those who are employed *to do work* entirely or wholly outside of the State, and this is emphasized by the exception which permits casual, occasional or incidental employments outside of the State. The deceased in this case did not have a casual, occasional or incidental employment outside of the State. His employment was to work entirely outside of the State, and that is all the work he ever did for this employer. The Legislature could have caused the statute to embrace all employments of residents of this State by employers located in this State, but it did not do so, and we cannot change the plain wording of the Act. (Emphasis added)

199 Md. at 583–84, 87 A.2d 524.

As *Gatton* demonstrates, the Court of Appeals has given § 21(c)(4) a broader interpretation than that urged by appellants. This is shown by the fact that it emphasized that the relevant inquiry is whether the employee is "employed to do work entirely or wholly outside of the State" and by its reference to the exceptions for casual, occasional or incidental employment outside of the State. Thus, although we agree with appellants that, where an employee is "actually

engaged" is not dispositive, we disagree that the only relevant factor to be considered is where the employee actually worked. We think it necessarily follows from the Court's interpretation of the statute that the question whether an employee was employed to work wholly outside of the State of Maryland is to be determined from the facts and circumstances of each case.

The facts of the case *sub judice* are significantly different from those in *Gatton.* That appellee, a Maryland resident, was hired at the main office of a Maryland company engaged in business in Maryland, Virginia and the District of Columbia; that appellee was hired as a full-time employee; that he was told that the Virginia job would last approximately 12 to 13 weeks, after which he would be assigned to a worksite in Maryland; and that appellee received tools from Willson when he was hired, are all facts from which it could have been concluded that appellee was not "employed to do work entirely or wholly outside of the State" and, therefore, that his work in Virginia was "incidental employment outside of the State". We hold that the trial court did not err in denying appellants' motion for judgment and/or summary judgment.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.