668 A.2d 1009

**Willie W. DIXON**

v.

**ABLE EQUIPMENT COMPANY, INC., et al.**

**No. 383, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

Dec. 29, 1995.

---

2.  Md.Rule 8–131(a).

Jeffrey W. Ochsman (James J. Gallinaro and Friedlander, Misler, Friedlander, Sloan & Herz, on the brief) Washington, DC, for appellant.

Jo Anna Greeson–Schmidt (Law Offices of Harold A. MacLaughlin, on the brief) Baltimore, MD, for appellees.

Argued before WENNER, FISCHER and SALMON, JJ.

WENNER, Judge.

Appellant, Willie Dixon, appeals from a judgment of the Circuit Court for Baltimore City granting summary judgment in favor of appellee, Able Equipment Company, Inc. (AECI). On appeal, appellant presents us with but one question: was summary judgment properly granted? We shall answer in the affirmative, and affirm the judgment of the circuit court.

## Facts

Appellant was employed by AECI, a construction company based in Manassas, Virginia. AECI was engaged in construc-

tion in a number of states, including Maryland, Virginia, Georgia, North and South Carolina, and the District of Columbia. In addition to being occasionally engaged in construction in Maryland, AECI also carried Workers' Compensation in Maryland. Although appellant is a Maryland resident and claims to have worked in Maryland about three or four months each year, he was employed by a Virginia corporation, and was supervised, and received his pay from AECI's headquarters in Manassas, Virginia.

AECI provided appellant with transportation for himself and other personnel. On 1 December 1990, appellant was involved in an accident in Virginia while returning to his home in Maryland after completing a project in Virginia.

Although he received Workers' Compensation benefits from Virginia, appellant sought from, and was granted benefits by Maryland's Workers' Compensation Commission.

After appellee noted an appeal to the Circuit Court for Baltimore City, both parties moved for summary judgment. Conceding that appellant had suffered a compensable injury, appellee nevertheless maintained that the Maryland's Workers' Compensation Commission lacked jurisdiction to entertain appellant's claim. The circuit court agreed, and granted appellee's motion for summary judgment. This appeal followed.

## I.

At the outset, we point out that Rule 2–501(e) "directs that the court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment." Thus, "the standard for appellate review of a trial court's grant of a motion of summary judgment is simply whether the trial court was legally correct." *Beatty v. Trailmaster*, 330 Md. 726, 737, 625 A.2d 1005 (1993). Since there are no material facts in dispute, we must determine whether the trial

court was legally correct in granting appellee's motion for summary judgment.

In making that determination, we turn to Md.Code Ann.Labor and Employment, Section 9–202, which provides in relevant part:

**Covered Employee.**

(a) *In general.*—Except as otherwise provided an individual, including a minor, is a covered employee while in the service of an employer under an express or implied contract or apprenticeship or hire.

As appellant was employed by AECI at the time of his injury, we believe that he falls within the purview of § 9–202(a), and appellee does not suggest otherwise.

Section 9–203,[1] however, narrows the definition of a covered employee. According to § 9–203:

**Site of Employment.**

(a) *In general.*—Except as otherwise expressly provided, an individual is a covered employee while working for the employer of the individual:

(1) in this State;

(2) outside of this State on a casual, incidental, or occasional basis if the employer regularly employs the individual within this State; or

(3) wholly outside the United States under a contract of employment made in this State for the work to be done wholly outside of the United States.

(b) *Incidental service in State.*—(1) An individual is not a covered employee while working in this State only intermittently or temporarily if:

(i) the individual and employer make a contract or hire in another state;

(ii) neither the individual nor the employer is a resident of this State;

---

1. Md.Labor and Employment Code Ann., §§ 9–101, *et seq.*

(iii) the employer has provided workers' compensation insurance coverage under a workers' compensation or similar law of another state to cover the individual while working in this State * * *.

As appellant sees it, although he was injured in an accident in Virginia he is entitled to Maryland benefits because he resides and is regularly employed in Maryland. We disagree.

At the time of the accident, appellant was neither regularly employed in Maryland, § 9–203(a)(1), nor employed wholly outside of the United States, § 9–203(a)(3). Consequently, § 9–203(a)(2) vests jurisdiction in Maryland's Workers' Compensation Commission only if appellant is regularly employed in Maryland, but was working outside the State at the time of the accident on a casual, incidental, or occasional basis.

From the record before us, we are unable to conclude that appellant was regularly employed in Maryland. Testifying on his own behalf, appellant said that he worked in Maryland for about "two or three months." Other than appellant's testimony, there was no basis upon which the trial court could determine that appellant was regularly employed in Maryland at the time he was injured.

■ Relying upon *Turner v. State Office of Public Defender*, 61 Md.App. 393, 486 A.2d 804 (1985), appellant contends that the Commission's findings are presumptively correct. Although that statement is accurate,[2] appellant fails to recognize that the presumption applies to findings of fact, not conclusions of law. As the Court of Appeals recently pointed out, "the legislature has specified that the decision of the Commission is '(1) presumed to be prima facie correct,' and '(2) the party challenging the decision has the burden of proof.'" The Court did so to ensure that "the finder of fact [would be] aware that the presumption [of fact] resulted from the Commission's decision." *Holman v. Kelly Catering*, 334 Md. 480, 485–86, 639 A.2d 701 (1994). Since we are presented with the issue of whether or not appellant is a covered

---

2. *See* Md.Code Ann.Labor and Employment § 9–745(b).

employee under the Act, an exercise is statutory interpretation, and hence a question of law,[3] neither *Turner* nor *Holman* is helpful to appellant.

Citing *Willson & Sons v. Garrett,* 76 Md.App. 120, 543 A.2d 875 (1988), appellant contends that, as he worked for three or four months a year in Maryland, and is a Maryland resident, Maryland's Workers' Compensation Commission had jurisdiction to entertain his claim. Unfortunately for appellant, he fails to recognize that in *Garrett* we answered a question different from that now before us. *Garrett* was employed by a Maryland corporation engaged in various projects in Maryland, the District of Columbia, and Virginia. When he was injured, he was assigned to a project in Virginia, and worked **only** in Virginia.

Noting that Garrett, "a Maryland resident, was hired at the main office of a Maryland company engaged in business in Maryland, Virginia, and the District of Columbia; that [Garrett] was hired as a full-time employee; [and] that he was told that the Virginia job would last approximately 12 to 13 weeks, after which he would be assigned to a worksite in Maryland," we affirmed the trial court's conclusion that "[Garrett] was not *'employed* to do work entirely or wholly outside of the State,' and therefore, that his work in Virginia was 'incidental employment outside the State.' " Accordingly, we held that Garrett was entitled to Maryland's benefits, although he was injured while working in Virginia. 76 Md.App. at 126–27, 543 A.2d 875. We said also that "the question whether an employee was employed to work wholly outside of the State of Maryland is to be determined from the facts and circumstances of each case." *Id.* As appellant does not contend that he was employed wholly outside the State at the time he was injured, *Garrett* is inapposite.

---

**3.** *See generally Supervisor of Assessments of Baltimore City v. Chase Assocs.,* 306 Md. 568, 574, 510 A.2d 568 (1986) (interpretation of two statutory provisions is solely a question of law); *Curry v. Department of Pub. Safety & Correctional Servs.,* 102 Md.App. 620, 627, 651 A.2d 390 (1994), *cert. dismissed,* 340 Md. 175, 665 A.2d 1038 (1995) (issue of statutory interpretation is a question of law).

Appellant cryptically asserts, however, that in enacting § 9–203 the "Maryland legislature intended that an employee who was *partially* employed within Maryland *could* be covered under the provisions of the Maryland Workers' Compensation Act" (emphasis added). Although we agree, we note that the qualifying word is *could*. An employee who was partially employed within the State of Maryland *could* be covered by the Act, provided the claimant is a covered employee as defined by § 9–203(a) and is not subject to the exclusions contained in § 9–203(b). We turn now to §§ 9–203(a) and (b).

## II.

As we have said, the issue before us is whether appellant is a covered employee as defined in § 9–203(a)(2). In order to be a covered employee, appellant must have been injured while working casually, incidentally, or occasionally, outside the State, although he was regularly employed in Maryland. Otherwise, appellant does not fit the definition of a covered employee.

The material facts are not in dispute. As we have said, appellant was employed by a Virginia corporation, and was working in Virginia when injured. Of course, appellant places great emphasis on his Maryland residency, and the facts that AECI maintains a warehouse in Maryland and carries Maryland Workers' Compensation insurance.

Lest there be confusion, we point out that a covered employee is defined solely by §§ 9–202 and 9–203. Consequently, if a claimant is not a covered employee, Maryland's Workers' Compensation Commission has no jurisdiction to entertain a claim.

According to appellant, as AECI maintains a warehouse in Maryland and carries Maryland Workers' Compensation insurance, AECI "obviously contemplated that [appellant]

and other employees would spend time in Maryland."[4]  To be sure, appellee no doubt contemplated that its employees would be working in Maryland from time to time; however, it does not necessarily follow that they are covered employees.  The fortuity of AECI's contacts with Maryland have nothing whatsoever to do with the Commission's jurisdiction.

That appellant is a Maryland resident is also irrelevant. Section 9–203(a) does not mention a claimant's residency. While we agree that one purpose of the Act is to ensure that injured employees do not become charges of the state, *Gatton v. Sline Company, Inc.*, 199 Md. 578, 583, 87 A.2d 524 (1952), that policy does not in and of itself confer jurisdiction on the Commission.

During the hearing before the Commission, the following colloquy occurred:

Counsel:  Now, you say you had worked somewhere in Maryland right before this accident occurred;  is that right?

Appellant:  I think so.

Counsel:  And how long did you work at that job in Maryland?

Appellant:  I'm thinking it was about maybe two months, maybe not at that exact address, but—

Counsel:  Within Maryland?

Appellant:  We did work about two or three months.

We think it clear that § 9–203(a) requires:

(1) that a claimant's work outside of Maryland be casual, incidental, or occasional;  to the

(2) employee's regular employment in Maryland.

---

4.  It is most likely that appellant's compensation insurance was maintained to cover its employees in the Maryland warehouse.  Such insurance must be maintained for covered employees, as defined by § 9–202 and § 9–203.

Nevertheless, appellant seeks to persuade us that he is regularly employed in Maryland, and that his work outside the State is of no effect. We are not convinced.

The word "regular" implies a uniform course of conduct, and we find nothing in the record indicating that appellant is regularly employed in Maryland. That appellant worked for several months in Maryland during a particular year appears to be more a matter of chance than of regularity. Indeed, appellant worked in at least four other jurisdictions during that same year. While we acknowledge there to be no particular formula for establishing "regular" employment, we do not believe that working in Maryland for several months during a particular year constitutes "regular" employment as envisioned by § 9–203(a). Yet, appellant offers no other evidence that he is regularly employed in Maryland. Moreover, it is obvious from the record that appellant works outside of Maryland nine (9) to ten (10) months each year. Consequently, we conclude that appellant is not regularly employed in Maryland.

Appellant relies upon *Cardillo v. Liberty Mutual Insurance Co.*, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947), in support of his position that a resident of Maryland injured while outside of the State is entitled to Maryland benefits. *Cardillo* is of no help to appellant. In *Cardillo*, a resident of the District of Columbia was employed by a District of Columbia employer and had worked in Virginia for three years before being injured. The United States Supreme Court concluded that he was covered by the District of Columbia's Compensation Act. Appellant fails to recognize, however, that the Court was interpreting the District of Columbia's Act, not Maryland's. Unlike Maryland's Act, the District's Act applies to any employee whose employer carries on employment in the District. Unfortunately for appellant, Maryland's Act is not so broad. *See generally, Gatton,* 199 Md. at 583–84, 87 A.2d 524.

We also point out to appellant that *Cardillo* was a resident of the District of Columbia and was employed, paid, and supervised by a District of Columbia company. Conversely,

although appellant is a resident of Maryland, he is employed, paid out of, and supervised by a Virginia company. The *Cardillo* Court noted that the District of Columbia's "legitimate interest in providing adequate workmen's compensation measures for its residents . . . depends upon some substantial connection between the District and the particular employee-employer relationship[ ]." *Cardillo*, 330 U.S. at 476, 67 S.Ct. at 805. The connection between Maryland and appellant's employee-employer relationship is far more tenuous, and as we also said earlier, the fact that he resides in Maryland is irrelevant. *See* § 9–203(a).

■ Although neither party referred to that fact, it appears that appellant sought Maryland's benefits because they were more favorable than those of Virginia.[5] Although we acknowledge that Maryland's Act "should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes [and that] [a]ny uncertainty should be construed in favor of the claimant," *Baltimore v. Cassidy*, 338 Md. 88, 97, 656 A.2d 757 (1995) (citations omitted), we "may not disregard the plain meaning of the Act in the name of liberal construction." *Id.* Accordingly, we hold that appellant is not a covered employee as defined by § 9–203(a)(2). Therefore, Maryland's Workers' Compensation Commission was without jurisdiction to entertain appellant's claim.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**

---

5. Appellant's counsel conceded at oral argument that such was the case.