780 A.2d 383

Alfons James POHOPEK

v.

McELROY TRUCK LINES, INC.

No. 1314, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Sept. 5, 2001.

David M. Kopstein (Dross, Levenstein Perilman & Kopstein, Seabrook, Irving Dross, Dross, Levenstein, Perilman & Kopstein, Waldorf, on the brief), for appellant.

Albert B. Randall, Jr. (Robert T. Franklin and Prokopik on the brief), Baltimore, for appellee.

Argued before SONNER, CHARLES E. MOYLAN, JR. (retired, specially assigned) and RAYMOND G. THIEME, JR. (retired, specially assigned) JJ.

SONNER, Judge.

Appellant, Alfons James Pohopek, appeals the decision of the Circuit Court for St. Mary's County that reversed an

order of the Maryland Workers' Compensation Commission ("the Commission"), which held that Maryland had jurisdiction over Pohopek's workers' compensation claim. The Commission found that Pohopek was a "covered employee," as defined by Section 9–203 of the Labor & Employment Article of the Maryland Code. Appellee, McElroy Truck Lines, Inc. ("McElroy"), appealed the Commission's order to the circuit court, where it filed a motion for summary judgment. After a hearing, the circuit court granted McElroy's motion and found Maryland did not have jurisdiction over Pohopek's claim. Upon our review, we find the Commission's original ruling to be correct, and reverse the circuit court.

Pohopek, a St. Mary's County resident, answered an employment advertisement listed by McElroy in *The Enterprise*, a southern Maryland newspaper. McElroy's principal place of business is Cuba, Alabama, but Pohopek applied for a truck driver position through a McElroy representative in North Carolina. Pohopek accepted an employment offer from McElroy and attended orientation and training sessions in North Carolina. At McElroy's request, Pohopek, a licensed commercial truck driver in Pennsylvania, obtained a Maryland commercial driver's license.

As part of his employment agreement with McElroy, Pohopek was to keep the company-owned tractor-trailer truck near his residence in St. Mary's County on the weekends. During the weekends, Pohopek was responsible for the safekeeping of the truck, as well as regular maintenance, including cleaning and waxing. Often, the truck was fully loaded for a Monday morning delivery, and Pohopek was also responsible for the safe storage of those goods. In the early morning hours each Monday, Pohopek would conduct a pre-trip checklist of the truck, which consisted of testing the engine, brakes, lights, and other routine mechanical components. Pohopek then, in accordance with federal requirements, updated his log book.

Setting out from his home in Maryland on Monday mornings, Pohopek drove to various states along the eastern seaboard, including states as far north as New Hampshire and as

far south as Alabama. During the week, Pohopek sometimes drove through Maryland, making regular deliveries and pickups. On Fridays, Pohopek picked up his last load of the week to be delivered Monday morning, and then returned home. McElroy withheld Maryland state taxes from Pohopek's paychecks and mailed those paychecks to Pohopek's home in Maryland.

After working for McElroy for approximately six months, Pohopek was involved in an accident while traveling in South Carolina in April 1998. In June 1998, Pohopek filed a workers' compensation claim in Maryland for the personal injuries he suffered in the accident. After a hearing on April 26, 1999, the Commission held that Pohopek was a "covered employee," as defined by Section 9–203 of the Labor & Employment Article of the Maryland Code. McElroy appealed to the circuit court and, on June 29, 2000, the Circuit Court for St. Mary's County held a hearing on the issue of Maryland's jurisdiction over Pohopek's claim. On July 7, 2000, the circuit court ruled, in a written opinion, that Pohopek was not regularly employed within Maryland.

## Discussion

When granting summary judgment, the circuit court makes rulings as a matter of law and does not resolve disputed issues of fact. Under Maryland Rule 2–501 (2001), the standard of review for summary judgment is whether the circuit court is legally correct. *Bowen v. Smith*, 342 Md. 449, 454, 677 A.2d 81 (1996); *Nationwide Ins. Cos. v. Rhodes*, 127 Md.App. 231, 235, 732 A.2d 388 (1999); *Commercial Union Ins. Co. v. Harleysville Mut. Ins. Co.*, 110 Md.App. 45, 51, 675 A.2d 1059 (1996). The question before this Court is whether the circuit court was legally correct in ruling that Pohopek was not a "covered employee," as defined by the Labor & Employment Article of the Maryland Code.

Section 9–203 of the Maryland Code reads as follows:

**§ 9–203. Site of employment.**

(a) *In general.*—Except as otherwise expressly provided, an individual is a covered employee while working for the employer of the individual:

(1) in this State;

(2) outside of this State on a casual, incidental, or occasional basis if the employer regularly employs the individual within this State; or

(3) wholly outside the United States under a contract of employment made in this State for the work to be done wholly outside of the United States.

(b) *Incidental service in State.*—

(1) An individual is not a covered employee while working in this State for an employer only intermittently or temporarily if:

(i) the individual and employer make a contract of hire in another state.

(ii) neither the individual nor the employer is a resident of this State;

(iii) the employer has provided workers' compensation insurance coverage under a workers' compensation or similar law of another state to cover the individual while working in this State;

(iv) the other state recognizes the extraterritorial provisions of this title; and

(v) the other state similarly exempts covered employees and their employers from its law.

(2) If an individual is exempted from coverage under this subsection and injured in this State while working for the employer of the individual, the sole remedy of the individual is the workers' compensation or similar law of the state on which the exemption is based.

(3) A certificate from an authorized officer of the workers' compensation commission or similar unit of another state certifying that the employer is insured in that state and had provided extraterritorial insurance coverage for the employees of the employer while working within this State

is prima facie evidence that the employer carries that compensation insurance.

(c) *Outside State.*—Except as otherwise expressly provided, an individual who is employed wholly outside of this State is not a covered employee.

Md.Code (1999 Repl.Vol.), LAB. & EMPL., § 9–203. The Code clearly expresses that the site of one's employment is the critical element for determining if an employee is a "covered employee," and, consequently, if Maryland has jurisdiction over a claim. Unfortunately, the determination of whether an employee either works within the State or outside of the State is not a simple calculation.

The Code recognizes the difficulty of this determination, and, to describe more accurately the site of employment, makes use of the descriptive words: wholly, regularly, and casually.[1] For example, the Code addresses: (1) employees that are *wholly* employed within the State in Section 9 203(a)(1); (2) employees that are *wholly* employed outside the State in Section 9–203(c); (3) employees that are *regularly* employed within the State, but are *casually* employed outside the State in Section 9–203(a)(2); and, (4) employees that are *casually* employed within the State, but are *regularly* employed outside the State in Section 9–203(b).

The circuit court, applying Section 9–203(a)(2), ruled that Pohopek "was not regularly employed in the State of Maryland because [Pohopek's] work outside the State of Maryland was not on a casual, incidental or occasional basis." We disagree that Pohopek's work within Maryland was not conducted on a regular basis.

■ This Court has stated that "[t]he word 'regular' implies a uniform course of conduct." *Dixon v. Able Equipment Co.,*

---

[1]. Along with the word "casually," the Code also uses the terms "occasionally" and "incidentally," Md.Code (1999 Repl.Vol.), LAB. & EMPL., § 9–203(a)(2), as well as "intermittently" and "temporarily." *Id.* at § 9–203(b)(1). While all of these words may not be identical in meaning, they are all designated as lesser intervals than "wholly" and "regularly."

*Inc.*, 107 Md.App. 541, 547, 668 A.2d 1009 (1995). Because of Pohopek's weekend duties and responsibilities, he essentially worked a seven-day work week, spending every Friday through Monday in Maryland, and on the road every Tuesday through Thursday, as well as parts of Monday and Friday. There is "no particular formula for establishing 'regular' employment," *id.*, and we must evaluate each set of circumstances on a case-by-case basis. Here, the consistency of Pohopek's schedule and the employment responsibilities he carried out within the State persuade us to find regularity in Pohopek's Maryland employment. Pohopek was not commuting to work in another state on a daily or regular basis, but, instead, he was based out of Maryland and traveled regularly, albeit extensively, as part of his routine employment.

■ The complexity of Pohopek's situation, however, lies in the fact that he was just as regularly employed outside of Maryland as he was within Maryland. The status of an employee employed in a single job position that is both "regularly" within the State and, concurrently, "regularly" outside of the State, creates a condition not expressly addressed by the Code, yet entirely possible within Maryland's modern workforce. The question for this Court now becomes whether a person employed regularly within the State and, at the same time, regularly outside of the State, is a "covered employee." We answer that question in the affirmative.

Preliminarily, we note the instructive language of the Court of Appeals in *Bowen:*

> The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. The primary source from which to determine the intent of the legislature is the language of the statute itself. We have repeatedly noted that the Maryland Workers' Compensation Act (hereinafter the "Act") should be construed liberally in favor of injured workers as its provisions will permit in order to effectuate its broad remedial purpose. Any uncertainty in the law should be resolved in favor of the claimant.

*Bowen,* 342 Md. at 454, 677 A.2d 81 (citations omitted). Subsection (a)(1) of Section 9–203 does not qualify the phrase "in this State" with the word, "wholly," nor with the word, "regularly," nor with the word, "casually." Clearly, it encompasses the employee who works wholly within the State, but, in *Dixon,* this Court also associated subsection (a)(1) with employees who are regularly employed within the State, when we wrote:

> At the time of the accident, appellant was neither *regularly* employed in Maryland, § *9–203(a)(1),* nor employed wholly outside of the United States, § 9–203(a)(3). Consequently, § 9–203(a)(2) vests jurisdiction in Maryland's Workers' Compensation Commission only if appellant is regularly employed in Maryland, but was working outside the State at the time of the accident on a casual, incidental, or occasional basis.

*Dixon,* 107 Md.App. at 545, 668 A.2d 1009 (emphasis added). Therefore, an employee who is regularly employed within the State may be covered under either subsection (a)(1) or subsection (a)(2).

This Court also noted in *Dixon* that, if an employee works outside the State but does not work wholly outside the State, then the employee's work outside the State is said to be casual. Quoting from *L.R. Willson & Sons v. Garrett,* 76 Md.App. 120, 126–27, 543 A.2d 875 (1988), we stated:

> [Garrett] was not 'employed to do work entirely or wholly outside of the State,' and therefore, that his work in Virginia was 'incidental employment outside the State.'

*Dixon,* 107 Md.App. at 546, 668 A.2d 1009. Thus, our finding that Pohopek regularly works outside the State is inherently a finding that Pohopek does not work wholly outside the State, and, therefore, under *Dixon* and *Garrett,* Pohopek's work outside the State must be interpreted as casual. *Dixon* and *Garrett* essentially instruct us that the finding of regular employment outside of the State is inconsequential, until there is a finding of casual employment within the State, which triggers Section 9–203(b). Until there is a finding of casual

employment within the State, the only determinative status of work outside of the State is either "whole" or "casual." Under our interpretation, Pohopek is covered under subsection (a)(2), because his work outside of the State is said to be casual (because it is not whole), while his work within the State is said to be regular, because of the uniformity of his schedule and employment responsibilities in Maryland.

In the absence of plain language from the Maryland General Assembly clarifying whether a "covered employee" can be regularly employed within Maryland and, at the same time, be regularly employed outside of Maryland, we must reverse the circuit court and reinstate the Commission's order that Maryland has jurisdiction over Pohopek's claim.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR ST. MARY'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**