975 A.2d 221

UNINSURED EMPLOYERS' FUND

v.

W.M. SCHLOSSER CO., INC.

No. 3102 Sept.Term, 2007.

Court of Special Appeals of Maryland.

July 7, 2009.

**600**

602

Kathleen E. Wherthey (Douglas F. Gansler, on the brief), Baltimore, MD and (Esther Goldring, on the brief), Towson, MD, for Appellant.

Timothy E. McLaughlin (Ju Y. Oh, Humphreys, McLaughlin & McAleer, L.L.C., on the brief), Baltimore, MD, for Appellees.

Panel: DAVIS, WOODWARD, and J. FREDERICK SHARER, (Retired, Specially Assigned), JJ.

J. FREDERICK SHARER, Judge (Retired, Specially Assigned).

Jehue Q. Johnson suffered a compensable injury and was awarded workers' compensation benefits by the Maryland Workers' Compensation Commission. At issue in this appeal is whether those benefits are the obligation of the Uninsured Employers' Fund ("the Fund"), appellant, or the Injured Workers' Insurance Fund ("IWIF"), appellee.

Commensurate with its award of benefits to Johnson, the Commission ruled that Johnson's direct employer, Rose Industrial Services ("Rose"), a subcontractor to W.M. Schlosser Co. ("Schlosser"), was uninsured for workers' compensation in Maryland. The Commission also ruled that Schlosser, insured for workers' compensation in Maryland, was Johnson's statutory employer, but not liable for payment of the award. Finally, the Commission ordered Rose to pay the awarded benefits. A default by Rose, or its inability to pay the benefits, would result in the Fund becoming liable for payment.

On the Fund's petition for judicial review, the Circuit Court for Baltimore County considered the Fund's motion for summary judgment, in which Johnson joined, and cross-motions for summary judgment by IWIF, in which Schlosser joined. The circuit court granted the IWIF/Schlosser motion, and denied the Fund/Johnson motion, both without a hearing.

This appeal followed, in which the Fund poses one question, which we have slightly rephrased:

Did the Commission and circuit court erroneously interpret [Maryland Code, Labor and Employment Article] § 9–508 to impose liability for a workers' compensation claim upon [the Fund], rather than upon [Schlosser], the insured statutory employer?

For the reasons that follow, we shall reverse the judgment of the circuit court granting Schlosser's motion for summary judgment, with directions to grant the Fund's motion for summary judgment.

## FACTS and PROCEEDINGS

All parties concede that there is no dispute of material fact, and that the litigation should be determined by summary judgment. Of course, each asserts that its motion for summary judgment ought to be granted. Although there is no dispute of fact, we shall set out the background of Johnson's claim in order to establish the relationship of the parties, *vis a vis* his claim.

Johnson, the claimant, was injured on May 8, 2004, at the Blue Plains Wastewater Treatment Plant ("Blue Plains") in the District of Columbia during the course of his employment as a hazardous waste removal technician. His immediate employer was Joanne H. Rose, trading as Rose Industrial Services ("Rose"). Rose, based in Glen Burnie, Maryland, had contracts for various hazardous materials clean-up projects in Maryland, Virginia, and the District of Columbia. Rose's work at Blue Plains was being performed pursuant to a subcontract with Schlosser.

Johnson, a Maryland resident, was hired by Rose on March 11, 2003, at a location in Pasadena, Maryland, where Rose stored its equipment. Johnson worked on several clean-up projects and also made repairs to Rose's trucks, which were kept in Glen Burnie. Johnson worked 12–hour shifts, but usually did not know at which site he would be working from one day to the next. He either reported to work at one of the Maryland clean-up sites to receive his assignments, or was

picked up at his home by other Rose employees and taken to a work site.

Johnson worked concurrently at three different clean-up sites in Maryland, one site in Virginia, and at Blue Plains in the District of Columbia. He characterized his presence at Blue Plains as "off and on." In the week he was injured, Johnson worked 12 hours at Blue Plains.

Following his injury, Johnson filed a claim with the Maryland Workers' Compensation Commission. Although Rose carried workers' compensation insurance in the District of Columbia, it did not carry such coverage in Maryland. Therefore, Rose was found to be an uninsured employer and the claim before the Commission was defended by the Fund.

█ The Fund impleaded Schlosser, the principal contractor for the Blue Plains project, as Johnson's "statutory employer," pursuant to Md.Code (1991, 1999 Repl.Vol.) Labor & Employment ("LE") § 9–508.[1] The Commission ruled that Schlosser was Johnson's statutory employer, but that Schlosser, nevertheless, was not liable for Johnson's claim. In its order, the Commission set forth its reasoning:

> Section 9–508 of the Labor Article states that [the statutory employer] is only liable to pay compensation they would have been liable to pay if they were the direct employer. There would be no jurisdiction over a claim against W.M. Schlosser Co., Inc. if it were the direct employer; therefore, W.M. Schlosser Co., Inc. cannot be held liable as a statutory employer.

The Commission ordered Rose (and the Fund) to pay the ordered benefits to Johnson.

---

1. The "general rule in workers' compensation benefit cases is that the date of injury controls for determining compensation benefits." *Waters v. Pleasant Manor Nursing Home,* 361 Md. 82, 96, 760 A.2d 663 (2000). We, therefore, apply the statute in effect on that date to resolve the liability questions posed by this case. *See Bowen v. Smith,* 342 Md. 449, 453, 677 A.2d 81 (1996); *Baltimore County v. Fleming,* 113 Md.App. 254, 257, 686 A.2d 1161 (1996).

The Fund sought judicial review in the Circuit Court for Baltimore County, and requested a jury trial. The Fund later filed a motion for summary judgment and requested a hearing. Schlosser filed a cross-motion for summary judgment. Although the parties have not provided us with the motions, our review of the record reveals that the only issue presented to the circuit court was whether Schlosser was liable, as a statutory employer, to Johnson for workers' compensation benefits under the Maryland Act.

Although a hearing on the motions was scheduled, it was canceled for reasons that do not appear in the record, and the circuit court ruled on the motions without a hearing, as we have noted. The court denied the Fund's motion for summary judgment and granted Schlosser's cross-motion for summary judgment. The Fund's appeal to this Court followed.

## DISCUSSION

### *Standard of Review—Summary Judgment*

█ "The standard of appellate review of a trial court's grant of summary judgment under Maryland Rule 2–501 is whether the lower court was legally correct." *Commercial Union Ins. Co. v. Harleysville Mut. Ins. Co.*, 110 Md.App. 45, 51, 675 A.2d 1059 (1996). Thus, the "standard of review in a workers' compensation claim disposed of on summary judgment by the circuit court is *de novo*." *Uninsured Employers' Fund v. Danner*, 388 Md. 649, 658–59, 882 A.2d 271 (2005).

█ Before ruling on a motion for summary judgment, the trial court must determine whether there is a genuine dispute regarding any material fact that "would preclude the entry of summary judgment." *Commercial Union Ins. Co.*, 110 Md. App. at 51, 675 A.2d 1059. "The general rules pertaining to the entry of summary judgment apply with equal force on appeals from decisions of the Commission." *Id.* at 51–52, 675 A.2d 1059; *See Baltimore County v. Kelly*, 391 Md. 64, 891 A.2d 1103 (2006); *Inner Harbor Warehouse, Inc. v. Myers*, 321 Md. 363, 367–68, 582 A.2d 1244 (1990). Here, we conclude, and the parties agree, that there was no dispute regard-

ing any material fact before the circuit court. Rather, the sole question was one of the application of the statute. Although we agree that this is a proper case for summary judgment, we do not agree with the circuit court's ruling.

■ At the outset, we point out that the court granted summary judgment without a hearing, when a hearing had been requested. To do so is contrary to Md. Rule 2–311(f), which provides:

A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, 2–533, or 2–534, shall request the hearing in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but the court *may not render a decision that is dispositive of a claim* or defense without a hearing if one was requested as provided in this section.

(Emphasis added).

■ "For a decision to be deemed dispositive of a claim or defense within the contemplation of Rule 2–311(f), it must actually and formally dispose of the claim or defense." *Shelton v. Kirson,* 119 Md.App. 325, 330, 705 A.2d 25, *cert. denied,* 349 Md. 236, 707 A.2d 1329 (1998). Summary judgment in this case resulted in the affirmance of the decision of the Commission; thus, the court formally disposed of the case by its ruling. Because the Fund requested a hearing, the parties were entitled to be heard on the motions, and it was error for the court to rule without a hearing.

■ Notwithstanding that, in this Court, the Fund raised the issue of the circuit court's failure to hold a hearing on the motions for summary judgment, counsel for the Fund stated at oral argument that the Fund's preference was not to have this Court decide the case on that basis. We, therefore, deem the issue to have been waived, and will address the merits of the case. *Muse v. State,* 146 Md.App. 395, 398, 807 A.2d 113 (2002) (appellate court does not address an issue withdrawn by the appellant after the brief is filed).

*The Statutory Parties*

## The Injured Workers' Insurance Fund

### and

## The Uninsured Employers' Fund

"Maryland was the first state in the nation to enact a workers' compensation statute." *Harris v. Board of Education of Howard County,* 375 Md. 21, 28, 825 A.2d 365 (2003). The initial legislation, Chapter 139 of the Acts of 1902, created the "Employers and Employees Co-operative Insurance Fund." 1902 Md. Laws, Ch. 139, § 4. However, that Act was declared unconstitutional by the Court of Common Pleas of Baltimore City. *Franklin v. United Railways and Elec. Co.,* 2 Balt. City Repts 309 (1904).

"The current Maryland Workers' Compensation Act was initially enacted by Chapter 800 of the Acts of 1914." *Harris,* 375 Md. at 28–29, 825 A.2d 365. The stated purpose of the 1914 Act was to compensate employees for accidental injuries sustained in certain enumerated "extra-hazardous employments." 1914 Md. Laws, Ch. 800, Preamble; *Harris,* 375 Md. at 29, 825 A.2d 365. As to those enumerated employments, the Act eliminated the employers' fellow servant defense, as well as the defenses of contributory negligence and assumption of risk. 1914 Md. Laws, Ch. 800, § 14. The Act required employers to secure compensation for employees by making payments into a "State Accident Fund," through either private insurance or self-insurance. *Id.,* § 15.

The State Accident Fund, created by § 16 of the 1914 Act, and codified as former Article 101, § 16 of the Maryland Code,[2] ultimately formed the basis for what is now IWIF.[3] While the applicability of the Workers' Compensation Act is no longer limited to employees engaged in "extra-hazardous"

---

**2.** It is now codified at Md.Code (1991, 2008 Repl.Vol.), § 10–104 of the Labor and Employment Article ("LE").

**3.** The name was changed in 1990. 1990 Md. Laws, Ch. 71.

occupations, IWIF has been described as a "statutory insurer of last resort" because it is a source of insurance for employers in ultra-hazardous occupations who might be otherwise unable to obtain insurance in the commercial market. Maryland Workers' Compensation Handbook § 2.03[9] (2007).

The Uninsured Employers Fund (UEF), on the other hand, has been described as the *de facto* insurer of last result. 86 Op. Att'y. Gen. 211, 212 (2001); *Maryland Workers' Compensation Handbook* § 2.03[4]. Created in 1967, the purpose of the Fund "is to 'protect injured workers whose employers failed, either willfully or negligently, to carry workers' compensation insurance.'" 86 Op. Att'y Gen. at 212 (quoting *Uninsured Employers' Fund v. Lutter*, 342 Md. 334, 345, 676 A.2d 51 (1996)). *See* LE § 10–304. If an uninsured employer fails to pay an award of compensation, the injured employee may apply to the Fund for payment of the award. LE § 9–1002(e). When the Fund pays an award of compensation, it becomes subrogated to the rights of the injured employee against the uninsured employer to collect the amount paid, and it may, and often does, fully participate in the proceedings concerning the injured worker's claim.[4] LE § 9–1003. The Fund is further sustained by the imposition of assessments against uninsured employers (LE § 9–1005), insurers (LE § 9–1006), and against awards and settlements (LE § 9–1007).

As described by one commentator, the Fund protects its interests in this regard, "by pointing its finger at every possible insurer/self-insurer or statutory employer/employer connected with a claim." *Maryland Workers' Compensation Handbook* § 2.03[4]. Stated otherwise, the Fund's litigation efforts are largely focused on pursuing any other entity that might be liable to pay an award, thereby reducing payments from the Fund. The result is that in cases where the "com-

---

4. It is also subrogated to the right of the uninsured employer to recover from third-party tortfeasors. LE § 9–1004. It is represented by the Attorney General. LE § 10–310.

pensability of an injury is clear[,] the claimant is assured that benefits shall be paid; the question is, by whom?" *Id.*

That, of course, is the issue presented in this appeal.

### *Statutory Employer*

The question before us, then, is whether Schlosser, which was not Johnson's immediate employer, is liable, as a "statutory employer," to pay workers' compensation benefits to Johnson. Schlosser maintains, and the Commission ruled, that Schlosser is not liable in Maryland because the only Schlosser project on which Johnson worked was located wholly outside the state and, therefore, with respect to his work for Schlosser, Johnson was not a "covered employee" under the Maryland Workers' Compensation Act ("the Act").

The Fund argues that the question whether Johnson is a covered employee under the Act is determined, in the first instance, by Johnson's relation to his immediate employer, Rose, and that Schlosser otherwise meets the statutory criteria for liability as Johnson's statutory employer.

We have found no Maryland appellate opinion that has addressed this particular question. We shall conclude that the construction of the statute espoused by the Fund is the better view, and furthers the oft-stated public policy and purpose of the statute. Moreover, our result impresses the liability for similar claims upon a regulated insurer, rather than upon the Fund, which is sustained by assessments upon all employers, insurers, and benefits.

One of the first cases interpreting the provision at issue here, and discussing its purpose, was *State v. Bennett Bldg. Co.*, 154 Md. 159, 140 A. 52 (1928).[5] As explained by the Court of Appeals,

[i]t is common practice in certain trades for one party to agree for a reward to complete a certain work or undertaking, and then to enter into subcontracts with various parties

---

5. The statute was then codified as Md.Code, Art. 101, § 62.

providing for the execution by them respectively of specified parts of the whole work or undertaking, so that the whole or part thereof would be done by such subcontractors and their assistants.

*Id.* at 161, 140 A. 52.

Under the Act, as originally enacted, by subcontracting out portions of the work "the principal contractor would avoid in part the responsibility for accidents happening in the carrying out of the work or undertaking." *Id.* However, when the responsibility for compensating injured workers was "shifted upon parties too weak financially to meet it, and who had not secured compensation to their employees in one of the ways required by the statute," injured workers were often left without compensation. *Id.*

Because of this "major loophole," whereby "an employer could, by entering into a subcontract for the performance of parts of an entire project, escape liability under the act," the Act was amended to impose, under certain circumstances, liability on a principal contractor for injuries sustained by employees of its subcontractor. *Honaker v. W.C. & A.N. Miller Dev. Co.*, 285 Md. 216, 223, 401 A.2d 1013 (1979). This came to be known as "statutory employer" liability. *See Bennett Bldg. Co.*, 154 Md. at 162, 140 A. 52.

The provision imposing liability upon a statutory employer is now embodied in LE § 9-508, which provides:

A principal contractor is liable to pay to a covered employee or the dependents of the covered employee any compensation that the principal contractor would have been liable to pay had the covered employee been employed directly by the principal contractor if:

(1) the principal contractor undertakes to perform any work that is part of the business, occupation, or trade of the principal contractor;

(2) the principal contractor contracts with a subcontractor for the execution by or under the subcontractor of all or part of the work undertaken by the principal contractor; and

(3) the covered employee is employed in the execution of that work.

LE § 9–508(a).

As we stated in *Cogley v. Schnaper & Koren Constr. Co.,* 14 Md.App. 322, 332, 286 A.2d 819 (1972):

> We think the legislative purpose in enacting [the statutory employer provision] was to further the benevolent concept of Workmen's Compensation and to achieve that result by providing an incentive to the principal contractor to see that his subcontractors carry Workmen's Compensation insurance upon their employees. If the principal fails or neglects to ascertain that the subcontractors' employees are protected by Workmen's Compensation insurance coverage, it is the principal contractor who must bear the cost of injuries to the subcontractors' employees, subject only to the principal contractor's right to recover such costs from the subcontractor in an appropriate action. The burden of recovering from the non-insured subcontractor is shifted from the innocent employee to the principal contractor.

*See Matthews v. United States,* 825 F.2d 35, 36 (4th Cir.1987) ("The statutory employer concept ... is designed to prevent the unfairness which would occur when a general contractor subcontracts a major portion of its work to various subcontractors who are financially irresponsible and who do not carry workers' compensation insurance."). The purpose of the provision creating statutory employer liability has remained unchanged since its enactment. *Honaker,* 285 Md. at 223, 401 A.2d 1013.

■ Maryland courts have repeatedly defined a statutory employer as:

1. a principal contractor

2. who has contracted to perform work

3. which is part of his trade, business or occupation; and

4. who has contracted with another party as a subcontractor for the execution by or under the subcontractor of the whole or any part of such work.

*Inner Harbor Warehouse, Inc. v. Myers,* 321 Md. at 375, 582 A.2d 1244; *Lathroum v. Potomac Elec. Power Co.,* 309 Md. 445, 448–49, 524 A.2d 1228 (1987); *Brady v. Ralph Parsons Co.,* 308 Md. 486, 503, 520 A.2d 717 (1987); *Coffey v. Derby Steel Co.,* 291 Md. 241, 251, 434 A.2d 564 (1981); *Honaker,* 285 Md. at 224, 401 A.2d 1013. Under this analysis, the question of whether an entity is a statutory employer turns on the existence of the principal contractor/subcontractor relationship. Where the statutory criteria are met, the effect "is to impose the absolute liability of an employer upon the principal contractor, when he was not in law the employer of the injured workman." *Bennett Bldg. Co.,* 154 Md. at 162, 140 A. 52.

In the instant case, there is no doubt that a principal contractor/subcontractor relationship existed between Schlosser and Rose, and that the above-quoted criteria were met. Schlosser argues, however, that, under LE § 9–508, its liability is limited to the compensation it "would have been liable to pay had the covered employee been employed directly by [it]." It argues that, had it employed Johnson directly to work at Blue Plains, Johnson would not have been a "covered employee" under the Maryland Act because he would have been employed wholly in the District of Columbia. Thus, Schlosser concludes, it would have no liability to Johnson under the Act.

We are not persuaded by Schlosser's interpretation of LE § 9–508. Moreover, to the extent, if any, that LE § 9–508 can be said to be ambiguous, the benevolent purpose of the Act requires that any ambiguities be liberally construed in favor of the injured employee. *Bowen v. Smith,* 342 Md. 449, 454, 677 A.2d 81 (1996); *Ankney v. Franch,* 103 Md.App. 83, 105, 652 A.2d 1138 (1995), *rev'd on other grounds,* 341 Md. 350, 670 A.2d 951 (1996).

Where, as here, "the essential terms and manner of employment are undisputed, the issue as to the relation between the parties and the nature of the employment is one of law for the Court." *McElroy Truck Lines, Inc. v. Pohopek,* 375 Md. 574, 585, 826 A.2d 474 (2003). In other words, the question of whether employment within Maryland amounts to

*regular* employment within Maryland and, consequently, whether an employee is a covered employee within the meaning of LE § 9–203(a), is a question of law. *Clayburn v. Soueid, Inc.,* 239 Md. 331, 337, 211 A.2d 728 (1965); *Dixon v. Able Equip. Co., Inc.,* 107 Md.App. 541, 545–46, 668 A.2d 1009 (1995).

As we noted above, "statutory employer" is defined by reference to the principal contractor/subcontractor relationship, not upon the relationship between the injured employee and the principal contractor. In fact, LE § 9–508 presupposes a finding that the injured employee is a covered employee under the Act. The determination of whether an employee is a covered employee is made solely under LE §§ 9–202 and 9–203, *Dixon,* 107 Md.App. at 545–46, 668 A.2d 1009, and is based upon the relationship between the employee and the direct employer.

Section 9–202(a) provides that, "[e]xcept as otherwise provided, an individual, including a minor, is a covered employee while in the service of an employer under an express or implied contract of apprenticeship or hire." Section 9–203(a) further narrows the definition of covered employee with respect to employment within and outside of Maryland. With respect to employment outside of Maryland, an individual is only a "covered employee while working for the employer of the individual . . . outside of this State *on a casual, incidental, or occasional basis if the employer regularly employs the individual within this State.*" LE § 9–203(a)(2) (emphasis added).

It is undisputed that, although Johnson performed a portion of his work for Rose in the District of Columbia, he was not employed wholly outside of Maryland; he concurrently worked for Rose on at least three other work sites in Maryland. Because Johnson was regularly employed by Rose in Maryland, his work in the District of Columbia must be said to be casual, incidental, or occasional. *Pohopek v. McElroy Truck Lines, Inc.,* 140 Md.App. 235, 242, 780 A.2d 383 (2001),

*aff'd*, 375 Md. 574, 826 A.2d 474 (2003). As a result, Johnson is a covered employee under LE § 9–203(a).

 Johnson's status as a covered employee under the Act is not undone by virtue of LE § 9–508. The concept of statutory employer liability was designed to provide an injured worker with an award of compensation from either the subcontractor or the principal contractor and, irrespective of which he chooses to pursue, the awards are to be "alike in every respect." *Bennett Bldg. Co.*, 154 Md. at 167, 140 A. 52. If the injured worker seeks compensation from the principal contractor, "the rights and obligations of the parties are identical with those of the parties, [as] if the election had been to claim compensation or to proceed against the subcontractor." *Id.* at 164, 140 A. 52. The statutory employer provision was aimed at "more certainly . . . assur[ing] the workman his contemplated compensation" and removing "difficult questions" of fact and "contingencies" that arose in attempting to determine when a principal contractor would be held responsible for compensating an injured employee of the subcontractor. *Id.* at 161–62, 140 A. 52.

Schlosser advances the argument that, even though Johnson is a covered employee under the Act, entitling him to compensation from his direct employer, he is not entitled to precisely the same compensation from Schlosser as the statutory employer because, if he worked directly for Schlosser, he would not have been a covered employee. That position, we believe, leads to the type of speculation and uncertainty the Act was designed to eliminate.

We, therefore, hold that the Commission erred as a matter of law in concluding that Schlosser was not liable for compensation to Johnson under LE § 9–508; and further, that the circuit court erred as a matter of law in granting Schlosser's cross-motion for summary judgment.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO GRANT APPELLANT'S MOTION FOR SUMMARY JUDGMENT, TO**

DENY APPELLEES' MOTION FOR SUMMARY JUDG-
MENT, AND TO INSTRUCT THE WORKERS' COMPEN-
SATION COMMISSION TO ENTER AN ORDER CONSIS-
TENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEES.