FILED

September 15, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:55 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **TIMOTHY COVINGTON,** | ) | **Docket Nos. 2015-06-0486** |
| | ) | **2015-06-0303** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File Nos. 53530-2015** |
| | ) | **38045-2015** |
| **GCA SERVICES,** | ) | |
| | ) | |
| **Employer,** | ) | **Dates of Injury: December 11, 2014** |
| | ) | **May 6, 2015** |
| **And** | ) | |
| | ) | **Judge Joshua Davis Baker** |
| **HARTFORD CASUALTY** | ) | |
| **INSURANCE** | ) | |
| | ) | |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge upon the Requests for Expedited Hearing (REH) filed by the employee pursuant to Tennessee Code Annotated section 50-6-239 (2014). The employee seeks medical and temporary disability benefits for a gradually-occurring back injury. The employer raised multiple defenses; however, the chief legal determination is whether the employee has presented sufficient proof of a causal relationship. For the reasons set forth below, the Court finds that the employee carried his burden of proving entitlement to medical benefits for his May 6, 2015 injury, but failed to carry his burden of proving entitlement to any additional relief.

## History of Claim

Mr. Covington is a forty-four-year-old resident of Davidson County, Tennessee who worked as a custodian for GCA, a company that contracted with the Metropolitan Nashville Public School System (MNPS) to provide custodial services. In addition to working for GCA, Mr. Covington also worked for Reynolds & Reynolds (Reynolds), another MNPS custodial contractor. He performed similar work for both companies.[1]

On December 11, 2014, Mr. Covington was not feeling well when he arrived at Ross Elementary, an MNPS school, to perform custodial work for Reynolds. According to Mr. Covington, the cafeteria manager at the school asked him what was wrong. Mr. Reynolds stated, "I don't know . . . I'm broke down."

Instead of clocking in, Mr. Covington went to St. Thomas Medical Center (St. Thomas), where he presented with complaints of numbness in his right side and mild anterior chest pain. (Ex. 1 at 2.) The medical records indicated Mr. Covington was experiencing the numbness for about three weeks before going to the hospital. *Id*. at 1. An EKG revealed no heart-related problems. *Id*. An MRI, however, revealed several back conditions, including multilevel degenerative disc disease, spinal stenosis and spinal cord impingement. *Id*. at 7. The St. Thomas records indicated no traumatic event prompted Mr. Covington's numbness. *Id*. at 22.

St. Thomas released Mr. Covington on December 11 and instructed him to follow up with Dr. Douglas Matthews, a neurosurgeon. *Id*. at 31. A "Work Release Form" stated that Mr. Covington could "return to work if able to perform regular duties." *Id*. at 32. The St. Thomas medical records made no mention of a causal relationship between Mr. Covington's back condition and his work. Mr. Covington paid for the treatment with a private medical insurance policy.

Mr. Covington testified he called Tonya Noland, an account manager for GCA, and told her the doctor at St. Thomas said his condition "could be work-related." He claims Ms. Noland told him to provide a doctor's statement to that effect. Mr. Covington testified he took "paperwork" to Ms. Noland, but also admitted that he never gave Ms. Noland written notice of his claim for workers' compensation benefits. Ms. Noland denied that Mr. Covington told her that he had a December 11, 2014 workers' compensation claim.

On January 19, 2015, Mr. Covington went to see Dr. Matthews. Dr. Matthews recommended surgery. *Id*. at 69. Dr. Matthews' medical record did not mention a work-

---

[1] GCA sought to add Reynolds as a party to this claim by filing a PBD seeking pro-rata contribution from Reynolds if the Court ordered GCA to provide Mr. Covington medical benefits. The Court notes that the appropriate way to join Reynolds as a party to the claim would have been by filing a motion to add an indispensable party.

related condition. *Id.* Mr. Covington used private medical insurance to pay for his treatment with Dr. Matthews.

On May 4, 2015, either Mr. Covington or his wife called Dr. Matthews' office to schedule the surgery. Mr. Covington testified Dr. Matthews, or someone in his office, stated the surgery would cost $1,200.[2]

On May 6, 2015, Mr. Covington's back started hurting again. He told Ms. Noland about the pain, which he attributed to "lifting tables . . . [and] trash."[3] Mr. Covington testified that his back condition gradually worsened rather than being caused by a specific incident on May 6.

GCA provided Mr. Covington treatment through Concentra. Concentra providers diagnosed a lumbar strain, provided physical therapy and imposed workplace restrictions pending a follow-up visit. *Id.* at 51, 57. Mr. Covington returned to Concentra on May 8 and May 11, 2015, for physical therapy. *Id.* at 60-67. Although other visits were scheduled, there are no other Concentra medical records contained in the case file.

Mr. Covington stopped working for GCA on May 22, 2015. The parties dispute the reason that he left, but that is not germane to issues currently before the Court.

Dr. Matthews operated on Mr. Covington's back on June 2, 2015. *Id.* at 71. In a "Certification of Serious Medical Condition" form Dr. Matthews competed for Mr. Covington, he wrote that Mr. Covington would be incapable of performing his normal work activities because of the surgery from May 24 to August 15, 2015. *Id.* at 72-74. His restrictions prevented him from lifting more than fifteen pounds, crawling, climbing ladders, or working at unprotecting heights. *Id.* at 72. In response to a causation letter presented to Dr. Matthews by GCA's attorney, Dr. Matthews selected "no" when asked whether Mr. Covington's back condition that necessitated the June 2 surgery arose primarily out of his employment. *Id.* Dr. Matthews also wrote, "No history of work related injury given." *Id.*

GCA declined to pay Mr. Covington temporary disability benefits and also declined to pay for Dr. Matthews' care. Mr. Covington filed two Petitions for Benefit Determination, one for each date of injury. (T.R. 1, 2.) The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed Dispute Certification Notices. (T.R. 4, 5.) Mr. Covington filed two Requests for Expedited Hearing. In the first request, he seeks medical and temporary disability benefits for his back condition that arose on December 11, 2014. In the second, he seeks temporary

---

[2] The Court understands the $1,200 to represent Mr. Covington's out-of-pocket costs if he used private insurance.

[3] Although Mr. Covington testified that he began having pain on May 7, 2015, his PBD, medical records and REH indicate a May 6, 2015 date of injury.

3

disability and medical benefits for his back from an injury he incurred on May 6, 2015. This Court heard both Requests on August 27, 2015.

Mr. Covington argued that his work as a custodian for GCA caused his back condition, so that GCA should pay all his medical bills and provide temporary disability benefits. GCA countered that Mr. Covington failed to timely report his December 11, 2014 injury, and further argued that there is no proof that Mr. Covington's back condition arose out of his employment. With respect to the May 6, 2015 injury, GCA provided medical treatment for this injury, but denies that the injury caused Mr. Covington to miss time from work.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

In order for an injury to be compensable, it must have been accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014).

"An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014). "Arising out of employment" refers to causation. *Reeser v. Yellow Freight Sys.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the resulting injury and the conditions under which the work is required to be performed. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Except in "the most obvious, simple and routine cases," a workers' compensation claimant must establish by expert

4

medical testimony that he or she is injured and that there exists a causal relationship between the injury and the claimant's employment activity. *Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)).

With respect to the December 11, 2014 date of injury, the Court finds that Mr. Covington had a back condition that necessitated surgery. Providers at St. Thomas diagnosed Mr. Covington with a back condition following an MRI. Dr. Matthews recommended surgery to repair the condition and performed that surgery on June 2, 2015.

The Court further finds that the December 11 back injury prevented Mr. Covington from working. In the "Serious Health Condition" certification form Dr. Matthews competed for Mr. Covington, he wrote that Mr. Covington would be incapable of performing his normal work activities because of the surgery from May 24 to August 15, 2015.

Lastly, with respect to the December 11, 2014 condition, the Court finds that Mr. Covington failed to prove a causal connection between the condition and his work for GCA. The medical records from St. Thomas do not mention a causal relationship between Mr. Covington's back condition and his work, and Mr. Covington never told Dr. Matthews that his back condition was associated with his work. Furthermore, Dr. Matthews opined that Mr. Covington's back problems are not related to his employment. Accordingly, with the proof as it stands at this time, the Court finds that Mr. Covington is unlikely to prevail at a hearing on the merits to recover benefits for his December 11, 2014 back condition.

With respect to the May 6, 2015 injury, the Court finds that Mr. Covington is entitled to medical benefits. Mr. Covington reported an injury that occurred while lifting items at work, and GCA timely provided medical care through Concentra. Concentra diagnosed a lumbar strain, provided physical therapy, and scheduled a follow-up visit post-therapy. Accordingly, it appears to the Court that GCA provided Mr. Covington medical care as required by Tennessee Code Annotated section 50-6-204(a)(1)(A) (2014). GCA shall continue to provide reasonable and necessary care for Mr. Covington's May 6, 2015 lumbar strain.

Regarding temporary disability benefits, the Court finds that Mr. Covington is not entitled to receive them. An employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated § 50-6-207(1) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). Mr. Covington suffered a lumbar strain on May 6, 2015. He presented no proof that any doctor took him off of work due to the lumbar strain. Accordingly, the Court finds that Mr. Covington is

5

unlikely to prevail at a hearing on the merits for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Covington's claim against GCA and its workers' compensation carrier for the requested temporary disability and medical benefits related to his December 11, 2014 back condition is denied. At this time, Mr. Covington has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits.

2. GCA shall continue to provide Mr. Covington any reasonable and necessary medical care related to the May 6, 2015 date of injury.

3. This matter is set for an Initial (Scheduling) Hearing on October 20, 2015, at 11:30 a.m. (CDT).

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 15th day of September, 2015.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll-free at 855-874-0474 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1.  Medical records of:

    - Dr. Douglas Matthews;
    - Dr. Gil Kentof;
    - Concentra;
    - St. Thomas Midtown Hospital.

2.  Affidavit of Mr. Covington concerning December 11, 2014 date of injury

3.  Affidavit of Mr. Covington concerning May 6, 2015 date of injury

Technical Record[4]:

1.  Petition for Benefit Determination, dated May 21, 2015

2.  Petition for Benefit Determination, dated July 1, 2015

3.  Petition for Benefit Determination, dated July 10, 2015

4.  Dispute Certification Notice (DCN), July 6, 2015

5.  Dispute Certification Notice (DCN), July 23, 2015

6.  Request for Expedited Hearing, July 27, 2015 (December 11, 2014 date of injury)

7.  Request for Expedited Hearing, July 27, 2015 (May 6, 2015 date of injury)

8.  GCA's witness and exhibit list

9.  GCA's position statement

10. Wage Statement

---

[4] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order For Medical Benefits was sent to the following recipients by the following methods of service on this the 15th day of September, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Timothy Covington | X | | | 1003 Joseph Ave Nashville, TN 37207 |
| Allen Callison | | | X | acallison@eraclides.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

10